**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| RESTORATION MINISTRIES ATM, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO: _____ |
| | ) | |
| CAPITAL CITY BANK & TRUST | ) | |
| COMPANY, and FIRST-CITIZENS BANK & | ) | |
| TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and 12 U.S.C. § 1819, and expressly reserving all rights otherwise to respond to this action, Defendants First-Citizens Bank & Trust Company ("FCB") and Capitol City Bank & Trust Company ("Capitol City") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned case from the Superior Court of Muscogee County, Georgia, Case No. SU16CV2134, to the United States District Court for the Middle District of Georgia, Columbus Division.  Removal is based upon federal question jurisdiction because Plaintiff has asserted claims and grounds

based upon various federal laws and statutes and the U.S. Constitution.[1]  As grounds

for removal, Defendants state as follows:

## I.     NATURE OF THE ACTION

### Background

1.

This  action  commenced  via  Defendants'  counsel's  receipt  of  a  pleading

entitled  "Complaint  for  Interlocutory  Injunction"  (herein  referenced  as  the

"Injunction Complaint") on July 29, 2016, which was emailed to said counsel by

counsel for Plaintiff Restoration Ministries ATM, Inc. ("Restoration" or "Plaintiff").

Said Injunction Complaint listed a venue of the Superior Court of Muscogee County,

Georgia, listed no case number, and asserted only a claim for interlocutory injunction

against Defendants Capitol City and FCB.  The Injunction Complaint states:

> Prior  to  the  filing  of  this  Complaint  for  an  Interlocutory  Injunction
> Plaintiffs [sic] have filed a Complaint against the Defendants and their
> attorneys…[.]  **Such case was removed to the United States District**
> **Court for the Middle District of Georgia by Defendants**.
>
> Reference is made to the complaint now in Federal Court for a detailed
> statement of the facts **and law** regarding this matter.  What follows is a

---

[1] Defendants intend to seek consolidation of this action with Case No. 4:16-CV-
00204-CDL, pursuant to Fed. R. Civ. P. 42, a related action involving these same
parties, Plaintiff's co-debtors and Defendants' attorneys (and common facts, causes
of action, and questions of law) that Defendants also removed from the Superior
Court of Muscogee County, Georgia to this Court on June 21, 2016.

**brief summary**, which does **not fully set forth the facts and law in the complaint**.

Injunction Complaint at ¶¶5-6 (emphasis added).   The complaint previously filed by Restoration and incorporated by reference by Restoration (Id.), which was removed by Defendants to this Court in Case No. 4:16-CV-00204-CDL is referenced herein as the "Federal Complaint."

2.

Defendants have yet to be properly served with the Injunction Complaint. However, Defendants received a copy of the Injunction Complaint on July 29, 2016.

3.

This case arises from Defendant FCB's attempted foreclosure upon several parcels of real estate owned by the Plaintiff, which was advertised and set to occur on June 7, 2016.  Defendant FCB, as successor to Capitol City, the judgment creditor of Plaintiff, was selling such real estate to partially satisfy the judgment issued to Capitol City against Plaintiff Restoration by the State Court of Muscogee County, Georgia.  Capitol City obtained such judgment pursuant to Plaintiff's (and its co-debtors') default on various loan agreements, including loans, guarantees, and forbearance agreements (the "Loan Documents") – with such default originally occurring in 2012 and again in 2014, on the forbearance agreements.  The Loan Documents, originally executed between Plaintiff (and its co-debtors) and FCB's

predecessor-in-interest Capitol City, were assigned to FCB on February 13, 2015, by the Federal Deposit Insurance Corporation ("FDIC"), pursuant to a Purchase and Assumption Agreement,[2] following the FDIC's closure of Capitol City. The State Court of Muscogee County, Georgia issued judgments in favor of Capitol City and against Plaintiff's co-debtors' M. Stephen McGill, Sr. ("MSM"), and Teresa Y. Brown ("TYB") on August 12, 2015, and against Plaintiff Restoration on May 10, 2016, in Case No. SC14CV1012.

4.

The State Court judgment against Restoration was issued at a later date because after the commencement of the action and during the course of the litigation in the State Court, Restoration filed for Chapter 11 bankruptcy in the United States Northern District of Georgia, Atlanta Division on January 6, 2015. Such filing resulted in a stay of the proceedings against Restoration in the State Court. During the course of the bankruptcy proceedings, Restoration had multiple opportunities to reorganize and even proposed a Plan that the Bankruptcy Court confirmed, but Restoration defaulted on the Plan. Ultimately, the Bankruptcy Court dismissed Restoration's bankruptcy action for cause and with prejudice by order entered on

---

[2] The Purchase and Assumption Agreement is publicly available at:
https://www.fdic.gov/bank/individual/failed/capitolcity_p_and_a.pdf.

4

February 23, 2016, because of Restoration's bad faith in conducting the bankruptcy and in defaulting on the Plan. After the bankruptcy dismissal, Capitol City obtained the judgment against Restoration.

**Claims and Grounds At Issue**

5.

In the Injunction Complaint, Plaintiff seeks to enjoin Defendants from foreclosing upon several parcels of real estate that secure the Loan Documents executed between Capitol City and Plaintiff and its co-debtors, which were assigned by the FDIC to FCB via the Purchase and Assumption Agreement. The Purchase and Assumption Agreement is governed by federal law and its defined terms, recitals, and obligations are based upon federal laws and statutes. Specifically, the Purchase and Assumption Agreement provides:

> "**GOVERNING LAW**. THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS HEREUNDER SHALL BE COVERED BY AND CONSTRUED IN ACCORDANCE WITH THE FEDERAL LAW OF THE UNITED STATES OF AMERICA, AND IN THE ABSENCE OF CONTROLLING FEDERAL LAW, IN ACCORDANCE WITH THE LAWS OF THE STATE IN WHICH THE MAIN OFFICE OF THE FAILED BANK IS LOCATED." (at p. 44).

Further, the Purchase and Assumption Agreement references, is defined by, and creates obligations pursuant to and based on the following federal laws, statutes and regulations:

- 12 U.S.C. § 1823 (at p. 1);
- 12 U.S.C. § 1841, the Bank Holding Company Act of 1956 (at p. 2);
- 12 U.S.C. § 1821 (at p. 3);
- 12 U.S.C. § 1813 (at pp. 4, 9);
- 12 C.F.R. § 360.11 (at p. 4);
- 12 C.F.R. § 323.2 (at p. 5);
- 12 C.F.R. § 337.2 (at p. 11);
- 12 C.F.R. § 304.3 (at p. 17);
- Employee Retirement Income Security Act of 1974, as amended ("ERISA") § 607, 29 U.S.C. § 1167;  § 603, 29 U.S.C. § 1163;  29 U.S.C. § 1161-69 (at p. 28); and
- FCB is obligated to remove actions to federal court if FDIC wishes to do so in any action involving both parties (at p. 34).

Therefore, as the agreement granting FCB the right to foreclose on the properties at issue (and utilized as the basis to acquire FCB's judgment against Restoration) is governed by and implicates multiple federal laws and statutes, Plaintiff's claim to enjoin said foreclosure is necessarily based on federal laws and statutes and requires the interpretation of same.

6.

Further, the Federal Complaint, incorporated by reference by Plaintiff as the full statement of the "law regarding this matter" (Injunction Complaint at ¶6), asserts multiple, additional claims and grounds for claims based upon federal laws and statutes and the U.S. Constitution, including:

(1)     claims under the Real Estate Settlement Practices Act ("RESPA") (12 U.S.C. § 2614, et seq.) (See, e.g., Compl. at ¶15);

6

(2)    claims for fraud on the federal bankruptcy court that handled Defendant Restoration's Chapter 11 bankruptcy filing, namely the United States Northern District of Georgia, Atlanta Division (Id. at p. 1 & ¶¶16-24);

(3)    claims under the U.S. Constitution related to regulations from the House Oversight Committee (Id. at ¶¶41-45);

(4)    claims under the Home Affordable Modification Program ("HAMP") (12 U.S.C. § 5219a) (Id. at ¶¶41-42);

(5)    claims under the Truth in Lending Act ("TILA") (15 U.S.C. § 1601 et seq.; 12 C.F.R. § 226, et seq.) (Id. at p. 2 & ¶¶42-43);

(6)    claims under the Federal Trade Commission Act ("FTCA") (15 U.S.C. § 41, et seq.) (Id. at p. 2 & ¶42);

(7)    claims under the Home Ownership & Equity Protection Act ("HOEPA") (15 U.S.C. § 1639 et seq.; 12 C.F.R. § 226.32) (Id. at ¶¶42-43);

(8)    claims under the Civil False Claims Act ("FCA") (31 U.S.C. § 3729-3733) (Id. at p. 2 & ¶¶42-43);

(9)    civil claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. § 1961, et seq.) (Id. at p. 2 & p. 64, Count 4);

(10)    claims under "other Federal and state laws designed to prevent unfair, discriminatory or predatory lending practices" (Id. at ¶42); and

(11)    claims under "Federal criminal laws involving fraud" (Id. at ¶42).

The Federal Complaint and Injunction Complaint also assert claims and grounds for claims based on Georgia state law that are based upon the same

allegations of improper behavior by Defendants related to the pending foreclosure, underlying loan documents, judgment and bankruptcy proceedings. (Id.).

7.

Plaintiff's claims are also governed by the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), as a result of the closure of Capitol City and the acquisition of its assets by FCB via the Purchase and Assumption Agreement with the FDIC, acting as receiver. FIRREA governs, in part, rights and remedies available to debtors in such situations, FCB's defenses to same, is directly referenced in the Purchase and Assumption Agreement (at p. 3), and FIRREA itself sets rules that trump the general rules governing subject matter jurisdiction and removal. (See, e.g., 12 U.S.C. §§ 1819, 1821). Therefore, Plaintiff's claims to enjoin said foreclosure and for damages are necessarily based on this federal law/statute and require the interpretation of same, and FCB is entitled to remove this action to federal court as a result of FIRREA's provisions governing same.

## II.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8.

Defendants received a copy of the initial pleading, the Injunction Complaint, on July 29, 2016. As such, this Notice of Removal is timely because it is filed within thirty (30) days after Defendants received the Injunction Complaint, the initial

pleading containing grounds for removal based on federal question jurisdiction.  28 U.S.C. § 1446(b)(1) ("[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…[.]").

9.

Although Plaintiff has not perfected proper service of process of its underlying pleadings, Defendants have attached a complete copy of the Injunction Complaint, the Federal Complaint, and the concurrently filed "Petition to Vacate Void Judgment" (the only process, pleading, motion or order it has received in this case or related to this case) as **Exhibit A**, to ensure they satisfy the statutory removal requirements related to same.  See 28 U.S.C. § 1446(a) (requiring the removing party to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.").[3]

10.

Defendants have not filed a responsive pleading to the Injunction Complaint. Defendants reserve their right to assert all rights, claims, counterclaims and defenses

_____

[3] The filing of Exhibit A does not waive Defendants' right to object to the pleadings contained therein on the basis of improper service, or on the basis of other defenses, and Defendants reserve the right to assert all such arguments and defenses.

of any nature in response to the Injunction Complaint, including, but not limited to, defenses related to service of process, jurisdiction, and failure to state a claim.

11.

Venue for this action lies in the United States District Court for the Middle District of Georgia, Columbus Division, because this district and division embrace Muscogee County, Georgia, where the civil action was pending.  28 U.S.C. § 1441(a); 28 U.S.C. § 90.

12.

All parties named as Defendants in this action, although not properly served, jointly file this Notice of Removal and consent to removal to the United States District Court for the Middle District of Georgia, Columbus Division.

13.

Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon Plaintiff and filed with the Clerk of the Superior Court of Muscogee County, Georgia.  An exact copy of the notice to be filed with the Superior Court of Muscogee County, Georgia, regarding the Notice of Removal is attached hereto as **Exhibit B**.

## III.   THIS COURT HAS FEDERAL QUESTION JURISDICTION

14.

This Court has original, federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the resolution of Plaintiff's claims will require adjudication of a disputed question of federal law.  28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

15.

Specifically, this Court has original, federal question jurisdiction over this action because several of Plaintiff's claims and the grounds for same alleged in the Injunction Complaint arise under federal laws and statutes and as described above, including 12 U.S.C. § 1823, 12 U.S.C. § 1841 (the Bank Holding Company Act of 1956), 12 U.S.C. § 1821, 12 U.S.C. § 1813, 12 C.F.R. § 360.11, 12 C.F.R. § 323.2, 12 C.F.R. § 337.2, 12 C.F.R. § 304.3, ERISA, RESPA, alleged fraud on a federal bankruptcy court, alleged U.S. Constitutional violations pursuant to the House Oversight Committee, HAMP, TILA, FTCA, FCA, RICO, other federal laws preventing unfair, discriminatory or predatory lending practices, and federal criminal laws against fraud.  (See ¶¶5-6, supra).  Therefore, the Injunction Complaint, and the incorporated Federal Complaint setting forth the full legal basis

for Plaintiff's claims, clearly indicate that such federal claims are pled as the basis for Plaintiff's claims and as independent causes of action, satisfying Defendants' burden of demonstrating federal question jurisdiction is present here. Lee v. Flue-Cured Tobacco Co-op. Stabilization Corp., No. 7:07-cv-82-HL, 2007 WL 3286397, *6 (M.D. Ga. Nov. 6, 2007), citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

16.

Further, courts (including the Eleventh Circuit) have specifically held that the assertion of claims for relief pursuant to RESPA, HAMP, TILA, FCA, and RICO, laws of the United States enacted by Congress and all asserted by Plaintiff here, grant a district court original jurisdiction over the action. Boone v. JP Morgan Chase Bank, 447 Fed. Appx. 961, 962-63 (11th Cir. 2011) (holding removal to federal court of borrower's state court action against lender and company hired by lender to handle non-judicial foreclosure proceedings, alleging violations of TILA, RESPA as well as the Fair Debt Collection Practices Act and various state laws, was proper as court had original subject-matter, federal question jurisdiction over federal law claims and supplementary jurisdiction over all state law claims as they arose from the same factual nucleus); Fabre v. Bank of America Bank, NA, 523 Fed. Appx. 661, 662-64 (11th Cir. 2013) (federal question jurisdiction existed, such that removal was

Case 4:16-cv-00264-CDL   Document 1   Filed 08/01/16   Page 13 of 21

appropriate, where borrower's complaint asserted claims related to bank's non-judicial foreclosure of his home and raised violations of RESPA as well as the Fair Debt Collection Practices Act); Tonea v. Bank of America, N.A., 6 F. Supp. 3d 1331, 1334-35, 1340 (N.D. Ga. 2014) (mortgagor's complaint challenging defendant bank's pending non-judicial foreclosure and sale of his residence raised federal questions on the face of the complaint, and motion to remand was denied, where complaint referenced the U.S. Constitution, RESPA, HAMP, TILP as well as the Fair Debt Collection Practices Act in a "rambling shotgun pleading" format); Brock v. Thomas, 782 F. Supp. 2d 133, 139-40 (E.D. Pa. 2011) (district court had federal question jurisdiction over plaintiff's RICO and RESPA claims against credit solutions company, and supplemental jurisdiction over plaintiff's state law quiet title claims, where his RICO and RESPA claims arose under federal law, and his state law claims shared common nucleus of operative fact with those federal claims, and court had concurrent jurisdiction over claims that related to a prior bankruptcy proceeding); U.S. ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd., 110 F.3d 861, 861-68 (2d Cir. 1997) (holding federal district court had subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, over action brought for violations of the FCA).

17.

Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a). See Wisc. Dept. of Corrections v. Schacht, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal."); see also Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 891 (11th Cir. 2013) ("Where a plaintiff's well-pleaded complaint alleges a cause of action arising under federal law, subject matter jurisdiction exists for a federal court to determine whether the allegations entitle him to relief.").

18.

Because this Court will have to interpret 12 U.S.C. § 1823, 12 U.S.C. § 1841 (the Bank Holding Company Act of 1956), 12 U.S.C. § 1821, 12 U.S.C. § 1813, 12 C.F.R. § 360.11, 12 C.F.R. § 323.2, 12 C.F.R. § 337.2, 12 C.F.R. § 304.3, ERISA, RESPA, alleged fraud on a federal bankruptcy court, alleged U.S. Constitutional violations pursuant to the House Oversight Committee, HAMP, TILA, FTCA, FCA, RICO, and other federal laws preventing unfair, discriminatory or predatory lending practices, and federal criminal laws against fraud to determine the validity of Plaintiff's claims and Defendants' liability under claims asserting or based upon same, this entire cause of action is removable under 28 U.S.C. § 1441(a) & (c) and

28 U.S.C. § 1367(a).

19.

Further, as Plaintiff asserts claims and damages based on FCB's attempts to enforce the Loan Documents (through obtaining/enforcing judgments and attempting to foreclose on property securing said Loan Documents) assigned to it by the FDIC, acting as receiver for failed bank Capitol City, such claims necessarily implicate FIRREA. FIRREA sets forth and governs remedies available to Plaintiff, and provides affirmative defenses available to FCB that it intends to raise. Further, FIRREA defines the terms of the Purchase and Assumption Agreement (at p. 3), and, as such, must be interpreted by this Court to determine the validity of Plaintiff's claims.

Finally, FIRREA itself establishes that the FDIC, acting "in any capacity," may remove nearly any action, suit or proceeding to federal court (by the grant of jurisdiction to said court in the Act) regardless of the allegations of the Complaint, with only one limited exception not applicable here. Lindley v. FDIC, 733 F.3d 1043, 1049-51 (11th Cir. 2013) (citing 12 U.S.C. § 1819 in support of same ruling). Further, courts in this Circuit have ruled that 12 U.S.C. § 1819 may be utilized to establish federal question jurisdiction in cases where the FDIC is not a party to the action. Martin v. Rogers, Case No. 1:13-CV-01740, 2014 WL 1053323, at *2-3

(N.D. Ga. Mar. 19, 2014) (holding an attorney agent of the FDIC acting to collect upon a judgment rendered in favor of the FDIC as receiver of a failed bank could utilize 12 U.S.C. § 1819 as the basis for federal question jurisdiction to remove an action due to the "broad scope of FIRREA" and that "the Plaintiff is seeking to fulfill the FDIC's mandate to collect assets of troubled banks."); FAS Capital, LLC v. Carr, 7 F. Supp. 3d 1259, 1263-65 (N.D. Ga. 2014) (holding that jurisdiction under 12 U.S.C. § 1819 does not vanish when the FDIC is dismissed from an action – where the FDIC originally brought the action as receiver for a failed bank and was dismissed after its transfer of the defaulted upon loan assets to a new party – despite it no longer being a party to a case as dissuading such transfers would "hinder the FDIC's ability to effectively sell off the interests of a distressed bank while litigation is pending").   Similarly, as Plaintiff's claims against FCB relate to FCB's enforcement of Loan Documents assigned to FCB by the FDIC from a failed bank, FCB maintains that 12 U.S.C. § 1819 establishes that this Court has federal question jurisdiction over this matter.

Such rights are applicable to FCB in the same manner as FCB's ability to enforce defenses originally granted by Congress to the FDIC, under FIRREA (12 U.S.C. § 1821) and pursuant to the D'Oench, Duhme doctrine (codified at 12 U.S.C. § 1823(e)), as FCB stands in the shoes of the FDIC for the purposes of FIRREA.

See First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1378-79 (11th Cir. 1997)

(extending the D'Oench, Duhme doctrine to where a bank has acquired an insolvent

bank's assets from the FDIC); Am. First Fed. v. Lake Forest Park, 198 F.3d 1259,

1265, n. 3 (11th Cir.1999) ("[Creditor], having purchased the note from [FDIC

sibling agency], stands in the shoes of the [FDIC sibling agency] and acquires its

protected status under FIRREA.").[4]

20.

Additionally, to the extent that the Injunction Complaint (or the incorporated

Federal Complaint) alleges statutory, state law or other non-federal claims, this

Court has supplemental jurisdiction over any such claims under Plaintiff's claims

asserting violations of federal acts, statutes, laws and constitutional rights listed in

or implicated by Plaintiff's Injunction Complaint or Federal Complaint, because the

state/non-federal claims "arise out of a common nucleus of operative fact" with

Plaintiff's federal claims.  Boone, 447 Fed. Appx. at 963; Brock, 782 F. Supp. 2d at

139; see also 28 U.S.C. § 1367(a) (in any action where a district court has original

jurisdiction, the court also has supplemental jurisdiction over "all other claims that

---

[4] See also RTC Commercial Assets v. Phoenix Bond & Indemnity Co., 169 F.3d 448,
458 (7th Cir. 1999) ("FIRREA not only permits, but encourages – practically begs –
the federal receiver to sell or assign interests it acquires from failed institutions to
third parties.").

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").  The federal and state claims at issue here share same the common nucleus of facts as they are all based on Plaintiff's allegations of improper behavior by Defendants related to the pending foreclosure, underlying loan documents, judgment and bankruptcy proceedings.  As such, this Court has original jurisdiction over Plaintiff's alleged federal law claims and supplemental jurisdiction over their alleged state law claims, and thus has jurisdiction over this entire action.  See Boone; Brock; 28 U.S.C. § 1367(a).[5]

## IV.   CONCLUSION

Based on the foregoing, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and 1367, and this case is removable to this Court pursuant to 28 U.S.C. § 1441, 1446 and 12 U.S.C. § 1819.  Therefore, Defendants file this Notice of Removal and remove the civil action to the United States District Court for the Middle District of Georgia, Columbus Division.

---

[5] Further, the claims at issue do not create severability issues under 28 U.S.C. § 1441(c)(2), as they are subject to either the original or supplemental jurisdiction of this Court, and therefore do not meet the requirements of 28 U.S.C. § 1441(c)(1)(B).

This 1st day of August, 2016.

STOKES CARMICHAEL & ERNST LLP

| | |
|---|---|
| 2018 Powers Ferry RD, Suite 700, | By: /s/William K. Carmichael |
| Atlanta, Georgia 30339 | William K. Carmichael |
| Phone: (404) 352-1465 | Georgia Bar No. 110600 |
| Fax: (404) 352-8463 | Thomas V. Keough |
| SCE File No. 15-03662 | Georgia Bar No. 415745 |
| wkc@scelaw.com | Laurel Creek Spainhour |
| tvk@scelaw.com | Georgia Bar No. 221577 |
| lcs@scelaw.com | Attorneys for Defendants |

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| RESTORATION MINISTRIES ATM, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO: _____ |
| | ) | |
| CAPITAL CITY BANK & TRUST | ) | |
| COMPANY, and FIRST-CITIZENS BANK & | ) | |
| TRUST COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of August, 2016, I served a copy of the

foregoing **Notice of Removal** via Federal Express, overnight delivery, costs pre-

paid, and by U.S. Mail on the following:

    Charles W. Miller
    Charles W. Miller, P.C.
    5734 Windsor Drive, Bldg. 6
    Columbus, GA 31909
    (706) 565 – 7795
    Counsel for Plaintiff

    This 1st day of August, 2016.

                    STOKES CARMICHAEL & ERNST LLP

2018 Powers Ferry RD, Suite 700,        By: /s/William K. Carmichael
Atlanta, Georgia 30309-1320                 William K. Carmichael

Phone: (404) 352-1465   Georgia Bar No. 110600
Fax: (404) 352-8463    Thomas V. Keough
SCE File No. 15-03662   Georgia Bar No. 415745
wkc@scelaw.com    Laurel Creek Spainhour
tvk@scelaw.com     Georgia Bar No. 221577
lcs@scelaw.com     Attorneys for Defendants