# EXHIBIT A

## IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| RESTORATION MINISTRIES A.T.M., INC.,     * <br>     * <br>     * <br>     * <br> **Plaintiff,**     * <br>     * <br> v.     * <br>     * <br> CAPITOL CITY BANK & TRUST COMPANY,     * <br> and     * <br> FIRST-CITIZENS BANK & TRUST COMPANY,     * <br>     * <br>     * <br> **Defendants.**     * <br>     * | CIVIL ACTION FILE <br> NO._____. |

## COMPLAINT FOR INTERLOCUTORY INJUNCTION

COME NOW RESTORATION MINISTRIES A.T.M., INC ("RMI")., Plaintiff in the above-styled action and, pursuant to O.C.G.A. § 9-11-65 (b) and Uniform Superior Court Rule 6.7, brings this Complaint for an Interlocutory Injunction and shows this Honorable Court as follows:

1.

Defendant Capitol City Bank & Trust Company ("CCB") is a failed Georgia banking corporation allegedly taken over by the Federal Deposit Insurance Corporation ("FDIC") and allegedly transferred to First-Citizens Bank & Trust Company, a North Carolina banking corporation ("FCB") whose principal office is located at 4300 Six Forks Road, FCC22, Raleigh, North Carolina. On information and belief CCB operates as a division of FCB. FCB is registered as a foreign profit corporation in Georgia and its registered agent for service in Georgia is CT Corporation, 1201 Peachtree Street NE, Atlanta, Georgia 30361. Service on both Defendants may be effected by service on such registered agent.

2.

FCB has been given actual notice of this hearing by counsel for the Plaintiff Charles W. Miller by telephone conversations and/or e-mails with FCB's counsel of record William Carmichael on Friday, July 29, 2016.

3.

Defendant FCB conducts business in Columbus, Muscogee County, Georgia, and it and allegedly CCB have recently filed notices of foreclosure on Plaintiff and advertised same in the local legal organ the Columbus Ledger-Enquirer.

4.

Jurisdiction and venue are proper on Defendants.

5.

Prior to the filing of this Complaint for an Interlocutory Injunction Plaintiffs have filed a Complaint against the Defendants and their attorneys alleging, *inter alia*, fraud, bad faith, violation of the Georgia Fair Lending Act, lack of standing to bring a foreclosure pursuant to Georgia law, violations of the Georgia Uniform Commercial Code, punitive damages, stubborn litigiousness, a request for costs and attorneys' fees, and for equitable relief. Such case was removed to the United States District Court for the Middle District of Georgia by Defendants.

6.

Reference is made to the complaint now in Federal Court for a detailed statement of the facts and law regarding this matter. What follows is a brief summary, which does not fully set forth the facts and law in the complaint.

## SUMMARY

7.

Concurrent with the filing of this Complaint for an Interlocutory Injunction Plaintiff has filed a Petition to Vacate the judgment of the State Court of Muscogee County, Georgia rendered on May 10, 2016 against Plaintiff on the basis, *inter alia*, that service on Plaintiff was improper.

8.

RMI is a local church with approximately 400 members. RMI's main sanctuary is located at 8001 Airport Thruway in Columbus, Georgia. RMI also operates a school at its sanctuary for approximately 40 children, most of whom are autistic. RMI also owns real property used as a home by its pastor Marshall McGill and his wife located at 6648 Woodberry Court, Columbus, Georgia 31904 ("Residence"). RMI also owns vacant lots in Columbus, Georgia located at 2421 Victory Drive, 5001 Forrest Road, 5021 Forrest Road, and 2599 Regency Drive ("Vacant Lots"). The Sanctuary, Residence and vacant Lots are sometimes hereinafter collectively referred to as the "Real Property".

9.

Plaintiff and Defendant CCB had a long-standing business relationship in the form of loans and other banking activity. Defendants allege that they have proper notes and security deeds allowing them to foreclose on the Real Property. Plaintiff has filed its separate complaints disputing the Defendants' rights to do so. A full recitation of the charges in Plaintiff's complaint would be too lengthy for the purpose of this brief but it is important to note that such complaint raises serious questions regarding the propriety of CCB's and FCB's prior actions, the standing of FCB to actually proceed with the foreclosures, and numerous allegations of fraud and bad faith.

10.

Should Plaintiff prove its allegations then any foreclosure by the Defendants would clearly be wrongful and Plaintiff, as alleged in its separate complaint, would suffer irreparable harm as a result and could not be made whole by mere money damages due to the unique nature of the Real Estate. Moreover, since Plaintiff operates as a non-profit church, if it loses its sanctuary it will be unable to operate its church and school. This in turn will cause Plaintiff to lose the financial ability to pursue its legal rights in the two complaints it has filed.

11.

On June 6, 2016 Muscogee County Superior Court Judge Arthur Smith granted a 22 day injunction for the Parties to have an opportunity to resolve this matter. Unfortunately, all such efforts have failed and Plaintiff asserts that its only avenue for pursuing its rights now are the complaints it has filed.

12.

Mr. Miller and Defendants' attorney Mr. Carmichael made good faith attempts to reach a solution to these issues and stop the pending foreclosures but unfortunately were unable to do so, thus necessitating this action.

## CITATION OF AUTHORITY AND ARGUMENT

Pursuant to O.C.G.A. § 9-11-65, the Georgia Civil Practice Act allows for the granting of injunctions and restraining orders. In the present case, the non-moving party was given actual notice of this hearing and this matter is properly before this Court.

## STANDARD FOR GRANTING AN INTERLOCUTORY INJUNCTION

In Bishop v. Patton, 288 Ga 600, 706 S.E. 2d 634 (2011), the Georgia Supreme Court, in distinguishing a permanent injunction from an interlocutory injunction, held that "an interlocutory injunction, by contrast, is a temporary remedy designed to preserve or restore the status quo and keep the parties from injuring one another until the court has had a chance to try the case." Citing Chambers v. Peach County, 268 Ga 672, 492 S.E. 2d 191 (1997).

In Bishop, supra and in Jansen-Nichols v. Colonial Pipeline Co., 295 Ga 786, 764 S.E. 2d 361 (2014) the Georgia Supreme Court provided a four factor test to be used as guidance for determining when an interlocutory injunction is appropriate. Specifically, the Court said:

"In exercising [its] discretion, a trial court generally must consider whether:

(1) there is a substantial threat that the moving party will suffer irreparable injury if the

injunction is not granted; (2) the threatened injury to the moving party outweighs the

threatened harm that the injunction may do to the party being enjoined; (3) there is a

substantial likelihood that the moving party will prevail on the merits of her claims at

trial; and (4) granting the interlocutory injunction will not disserve the public interest.

Further, in SRB Inv. Svcs. v. Branch Banking and Trust Co., 289 Ga. 1, 5(3), 709 S.E.2d

267 (2011) the Georgia Supreme Court further stated that one seeking interlocutory injunctive relief

need not always "prove all four of these factors," id. at 5(3), n. 7, 709 S.E.2d 267.

A careful read on the standards for granting an interlocutory injunction along with the facts

in the present case show that an interlocutory injunction meets all four tests and should be granted.

## HARM TO MOVING PARTY
### An interlocutory injunction should be granted because Plaintiff will suffer imminent harm if the foreclosure is not enjoined.

The first part of the four part test is whether there is a substantial threat that the moving

party will suffer irreparable injury if the injunction is not granted. This is generally considered the

most important of the four factors.  It is beyond question that if Plaintiffs' Real Property is sold by

Defendants prior to a final adjudication of the underlying case Plaintiffs will suffer irreparable harm

because Georgia courts have held that all real property is unique.  Plaintiffs could not be made

whole by monetary damages and there is a substantial risk that the Defendants might sell the Real

Property at a disadvantageous price thus not only causing Plaintiffs to lose the Real Property but

leaving additional alleged debt to Defendants to address.

Furthermore if the foreclosure proceeds then RMI will find itself without a sanctuary to hold

services in and the children will have no school to attend on the same conditions they now have.

This would almost certainly result in the church being disbanded. As a result the Plaintiff would be

unable to pursue its legal rights against Defendants. This would have the unintended effect of giving the Defendants a "win" in this case not on the merits but due to a lack of Plaintiff's ability to prosecute its claims for financial reasons.

For these reasons it is apparent that Plaintiffs will suffer great and irreparable harm if the foreclosures proceed.

## IRREPARABLE HARM TO NON-MOVING PARTY
**An interlocutory injunction should be granted because the only harm to the Defendants will be a delay in payment of the alleged indebtedness, if found valid, and Defendants will continue to accrue interest and other costs during such time.**

The second part of the test examines whether the threatened injury to the moving party outweighs the threatened harm that the injunction may do to the enjoined party. The Defendants will not suffer irreparable harm if the interlocutory injunction is granted because at worst the effect will be a delay in enforcing their alleged rights to foreclose on the Real Property.  Such right will still exist if Defendants prevail in the underlying case.

Furthermore, the Defendants will continue to accrue interest and possibly other fees during such delay which will protect their alleged interest in the Real Property.  Plaintiff will continue to keep the Real Property insured against loss and will pay property taxes.

The grant of the injunction in this matter therefore will not cause the Defendants to suffer any <u>substantial</u> harm, if any, whereas the Plaintiff will suffer <u>irreparable</u> harm if such injunction is not granted.

## LIKELIHOOD OF PREVAILING ON THE MERITS
**The current injunction should be granted because the Plaintiff has pled facts and counts which if proven make it likely that Plaintiff will prevail at trial on the merits.**

The third part of the test provides that there is a substantial likelihood that the moving party will prevail on the merits of "his" claims at trial.

Although Georgia requires merely notice pleading the Plaintiff has pled facts and cited particular evidence, which if proven, will not only defeat Defendants "rights' to foreclose on the

Real Property but will result in a large monetary judgment against Defendants. Plaintiff has a large body of documentation to support its claims. It intends to vigorously seek discovery in its Complaints and stands an excellent chance of winning its claim. It must be remembered that CCB was operated independent of FCB for the majority of its dealings with Plaintiff. Plaintiff has accumulated vast evidence of contract breaches, unaccounted for "draws" against loans, evidence of loan proceeds never delivered to it, promises not kept, fraud and a number of other illegal activities committed by CCB.

The facts will show that the Defendants, through a pattern of actions, acted to deprive Plaintiffs of their property and took advantage of Plaintiffs. The facts will show that Defendants employed scare tactics, fraud and illegal threats, both directly and through surrogates, to frighten Plaintiffs and prevent them from acting to pay back the alleged loans.

These actions, if proven, will show fraud, collusion, bad faith and a host of other actions by Defendants such that a judge or jury is most likely to rule for Plaintiff.

Accordingly the grant of the interlocutory injunction is highly appropriate given the Plaintiffs' chance of success in the underlying complaint.

## DISSERVICE TO THE PUBLIC INTEREST
### The interlocutory injunction should be granted because it is in the public interest to protect individuals and businesses from unscrupulous and illegal lending practices.

The fourth part of the test for granting the interlocutory injunction examines whether it will disserve the public interest. In the case at hand, granting the injunction will in fact serve the public interest in that it will act as a deterrent to lending institutions from engaging in unscrupulous, predatory and illegal lending practices.  If lenders like the Defendants are foiled in their attempts to take advantage of those less sophisticated it will have a positive effect on the public interest and help protect those who cannot otherwise protect themselves from such institutions and practices.

Accordingly the interlocutory injunction should be granted.

**WHEREFORE**, Plaintiff prays that the Court:

(a)    grant Plaintiff's request for an interlocutory injunction against Defendants until all of its complaints and legal claims against Defendants have been finally adjudicated;

(b)    prohibit Defendants from foreclosing on Plaintiffs' Real Property or taking any actions against any of Plaintiffs' other real or personal property until such time as the merits of the Plaintiff's complaints are finally decided;

(c)    for all costs of this action, plus reasonable attorney's fees; and

(d)    for all other relief this Honorable Court may deem just and proper.

CHARLES W. MILLER
Attorney for Defendants
Georgia Bar Number: 506425

Charles W. Miller, P.C.
5734 Windsor Drive, Bldg. 6
Columbus, Georgia 31909
(706) 565-7795

## **VERIFICATION**

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Personally appeared before me, the undersigned attesting officer, duly authorized to administer oaths in and for said State and County, M. STEPHEN MCGILL, in his capacity as an officer of RESORATION MINISTRIES, A.T.M., INC., who, on oath, deposes and says that he is the President of the Plaintiff in the foregoing Complaint for Interlocutory Injunction and that the facts and allegations stated in the said Complaint for Interlocutory Injunction are true and correct to the best of his knowledge and belief.

This 29 day of July, 2016

_____(L.S.)
M. Stephen McGill, individually, and in his
Capacity as President of
Restorations Ministries A.T.M., Inc.

Sworn to and subscribed before me, this
29th day of July, 2016.

_____
Notary Public, Muscogee County, Georgia
My Commission Expires: 11-4-2017

(Notary Seal)

## IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| RESTORATION MINISTRIES A.T.M., INC., | * * * * | |
| **Plaintiff,** | * * | |
| v. | * * * | CIVIL ACTION FILE NO._____. |
| CAPITOL CITY BANK & TRUST COMPANY, individually and severally, and FIRST-CITIZENS BANK & TRUST COMPANY, | * * * * * | |
| **Defendants.** | * * * | |

### NOTICE OF PLAINITFF'S COMPLAINT FOR INTERLOCUTORY INJUNCTION

TO: William K. Carmichael, Esq.
      80 Peachtree Park Dr.
      Atlanta, GA 30309-1320

PLEASE TAKE NOTICE that Plaintiff's Complaint for Interlocutory Injunction shall be brought on for hearing before the Hon. Maureen Gottfried, Presiding Judge, at 2:00 p.m. on the 1st day of August, 2015 at Judge Maureen Gottfried's Courtroom, Government Center, 100 10th Street, Columbus, Georgia, 31901.

This 29th day of July, 2016.

                                        Charles W. Miller, P.C.

                                        CHARLES W. MILLER
                                        Attorney for Defendants
                                        Georgia Bar Number: 506425

Charles W. Miller, P.C.
5734 Windsor Drive, Bldg. 6
Columbus, Georgia 31909
(706) 565-7795

## IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

RESTORATION MINISTRIES A.T.M., INC.,         *

     **Plaintiff,**               *

v.                             *         CIVIL ACTION FILE

CAPITOL CITY BANK & TRUST      *         NO._____.
COMPANY, individually and severally,   *
and
FIRST-CITIZENS BANK & TRUST       *
COMPANY,                     *

     **Defendants.**               *

                                 *

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing Notice of Plaintiff's Complaint for Interlocutory Injunction, upon the above Defendants by mailing same via regular United States Mail with sufficient postage thereon to insure delivery to Defendants' Counsel as set forth below:

William K. Carmichael, Esq.
80 Peachtree Park Dr.
Atlanta, GA 30309-1320

and electronically to : William K. Carmichael <wkc@scelaw.com>

This 29th day of July, 2016.

Charles W. Miller

CHARLES W. MILLER, P.C.
Windsor Village Office Park
5734 Windsor Dr., Bldg. 6
Columbus, Georgia 31909

### IN THE SUPERIOR COURT OF MUSCOGEE COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| RESTORATION MINISTRIES A.T.M., INC. | * <br> * <br> * <br> * |
| **Plaintiff,** | * <br> * <br> * |
| v. | *       CIVIL ACTION NO_____. <br> * |
| CAPITOL CITY BANK & TRUST COMPANY AND FIRST-CITIZENS BANK & TRUST COMPANY | * <br> * <br> * <br> * |
| **Defendants** | * <br> * <br> * |

### PETITION TO VACATE VOID JUDGEMENT

COME NOW RESTORATION MINISTRIES A.T.M., INC ("RMI"), by and through its counsel Charles W. Miller, and requests this Honorable Court vacate the void judgement rendered by the State Court of Muscogee County, against RMI on May 10, 2016 in Civil Action File No. SC14CV1012.

### STATEMENT OF FACTS

1.

On or about November 24, 2014, Capitol City Bank and Trust Company ("CCB") filed a suit ("Action") in the State Court of Muscogee County, Georgia against RMI. On information and belief CCB at some point became a failed banking institution and was taken over by the Federal Deposit Insurance Corporation ("FDIC"). On further information and belief the FDIC sold CCB to First-Citizens Bank & Trust Company ("FCB") who now operates CCB as a division of FCB.

2.

CCB and FCB conduct business in Muscogee County, Georgia and are subject to the jurisdiction of this Court. Venue is also proper in Muscogee County, Georgia. Both Defendants'

registered agent for service is CT Corporation, 1201 Peachtree Street NE, Atlanta, Georgia 30361 and service may be effected on both Defendants by service on such registered agent.

3.

CCB served Tyrone Pasley with copies of the summons and complaint on December 4, 2014. The Affidavit of Service, which is attached hereto as Exhibit "A" and made a part hereof, specifically recites on its face that Larry Johnston, of Professional Legal Services and Investigations, LLC served the Registered Agent for RMI, Tyrone Pasley, on December 4, 2014 at 7:28p.m.

4.

RMI did not answer the complaint or participate in such suit.

5.

The State Court of Muscogee County, Georgia entered a default judgement against RMI on May 10, 2016 (a true and correct copy of such judgement is attached hereto as Exhibit "B" and made a part of hereof).

6.

Such judgement states on its face "The Court FINDS that Defendant Restoration Ministries A.T.M., Inc. has been properly served pursuant to O.C.G.A. § 9-11-4(e) on, and that if it has not filed and served an answer within the time provided by law and the case is in default,".

7.

As shown on a true and correct copy of the amended 2014 Corporation Annual Registration filed with the Georgia Secretary of State on November 25, 2014 at 11:41 p.m. (a true and correct copy of which is attached hereto as Exhibit "C" and made a part hereof) Steve Lanier was the actual Registered Agent for RMI on December 4, 2014.

8.

As shown on the affidavit of Tyrone Pasley attached hereto as Exhibit "D" and made a part hereof he was not the Registered Agent, an officer, nor a managing agent of RMI, as defined by Georgia law, on December 4, 2014. This is also borne out by Exhibit "C" hereto.

9.

Accordingly, service of the Action was never properly made on RMI under Georgia law, the State Court of Muscogee County, Georgia did not have jurisdiction over RMI, and the judgement rendered thereby and attached as Exhibit "B" hereto is void on its face and subject to collateral attack.

## ARGUMENT AND CITATION TO AUTHORITY

Both Georgia statutes and Georgia courts require that judgements rendered without personal jurisdiction, or a waiver thereof, be held void and unenforceable when challenged. The Supreme Court of Georgia has specifically held that "in the absence of service on conformity with [O.C.G.A. §9-11-4], the trial court obtains no jurisdiction over the person of the defendant and judgement rendered against her is absolutely void." Southworth v. Southworth, 265 Ga. 671, 673 (1995) (citing DeJarnette Supply Co. v. F.P. Plaza, Inc., 229 Ga. 625, 626(4), (1972). O.C.G.A. §9-12-16 states "The judgement of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." (Emphasis added). Similarly, O.C.G.A. §9-11-60(a) permits collateral attack on a judgement "void on its face...in any court." The decision in Murphy v. Murphy, 236 Ga. 280 (1993) refined interpretation of "void on its face" to refer exclusively to those cases in which the trial court did not have personal or subject matter jurisdiction. Because CCB failed to perfect service on RMI the State Court of Muscogee did not have personal

jurisdiction over RMI in the Action; therefore, the judgement rendered in the action is void and a legally nullity.

Personal jurisdiction over a corporate defendant is achieved by serving its registered agent, a corporate officer, or other managing agent. O.C.G.A §9-11-4(e). In Due West Associates, Inc. v. Renfroe Mining & Grading Company, Inc., 194 Ga. App. 397 (1990), the Court found that serving a former registered agent was not sufficient to give the court personal jurisdiction over the corporate defendant. In Due West the court stated "Thus there was some evidence that the person served was the officer at the time the Corporate annual report was made in accordance with O.C.G.A. §14-2-1622. It does not follow that he was an officer on October 23, 1987 when served. There was no evidence of this alleged fact. Since corporations are not required to keep the registration information current if changes in personnel are made during the year, it cannot be inferred that because the person was secretary/ treasurer when the annual report was filed, he still held that office on October 20 or 23."

The court in Due West also went on to make it clear that even if the process server said the person told him he was the Registered Agent (and there is no evidence of this in the case at hand) such a statement would be inadmissible hearsay and would not support proper service. Compare Due West with Vibratech, Inc v. Frost et al. 291 Ga. App. 133 (2008) (service on former registered agent is sufficient where Defendant failed to file resignation be filed with Delaware Secretary of State as Delaware law required). Also compare Chitwood, et al. v. Southern General Insurance Company, 189 Ga. App. 697 (1988) where O.C.G.A. §9-11-4(d)(7) was followed and the court denied a collateral attack on the judgement. In the present case, Defendant actually filed a change of registered agent and corporate officers with the Georgia Secretary of State on November 25, 2014 as shown on Exhibit C hereto. Defendant's return of service is dated December 4, 2014, nine days

after RMI filed its changes with the Georgia Secretary of State. Had CCB merely checked the records on the date of service it would have easily done this correctly.

## CONCLUSION

Exhibit A hereto clearly states that CCB's process server served Tyrone Pasley on December 4, 2014 and claimed he had served the Registered Agent of RMI. Exhibits C and D clearly show that Tyrone Pasley was not the Registered Agent, an officer, or managing agent of RMI on such date. The judgement in the Action clearly recites that RMI had been properly served pursuant to O.C.G.A. §9-11-4(e). As this statement is incorrect on its face the State Court did not acquire jurisdiction over RMI. The judgement is thus void on its face as shown by the authority cited herein, is subject to collateral attack in any court under O.C.G.A. §9-11-60(a), and thus is a nullity and should be declared so and vacated.

WHEREFORE, Petitioner respectfully requests that this Court:

1. Vacate the judgement entered by the State Court of Muscogee County on May 10, 2016 in Civil Action File No. SC14CV1012;

2. Award Attorneys' fees and costs to Plaintiff; and

3. For such other relief as this Court deems just and proper.

This 29th day of July, 2016.

CHARLES W. MILLER
Attorney for Defendants
Georgia Bar Number: 506425

Charles W. Miller, P.C.
5734 Windsor Drive, Bldg. 6
Columbus, Georgia 31909
(706) 565-7795



## AFFIDAVIT OF SERVICE

State of Georgia        **County of Muscogee**        State Court

Case Number: SC14CV1012

Plaintiff:

**CAPITOL CITY BANK & TRUST COMPANY**

vs.

Defendant:

**RESTORATION MINISTRIES A.T.M., INC and TERESA Y. BROWN , and M. STEPHEN MCGILL, SR.**

For:
Burroughs Keene Paulk & Von Schuch, LLC
2900 Paces Ferry Rd.
Suite C-2000
Atlanta, GA 30339

> GEORGIA, MUSCOGEE COUNTY
> CLERK'S OFFICE, STATE COURT
> FILED IN OFFICE
>
> MAR 1 2 2015
>
> AT 3:58
> DEPUTY CLERK STATE COURT

Received by Professional Legal Services & Investigations, LLC on the 24th day of November, 2014 at 4:55 pm to be served on **Restoration Ministries A.T.M, Inc Registered Agent Tyrone Pasley, 3001 Airport Thruway, Columbus, GA 31909.**

I, Larry Johnston, being duly sworn, depose and say that on the **4th day of December, 2014 at 7:28 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint on a Promissory Note,** to: **Tyrone Pasley** at the address of: **5892 Big Oak Dr, Columbus, GA 31909,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and that within the boundaries of the state where service was effected, I was authorized by law to make the service of the documents and informed said person of the contents within.

SCANNED-INDEXED

MAR 1 3 2015

M. LINDA PIERCE
S.C.M.C.

Larry Johnston
Process Server

**Professional Legal Services & Investigations, LLC**
P.O. Box 8587
Columbus, GA 31908
(706) 610-0599

Our Job Serial Number: PFS-2014002228
Ref: 3025.49

Subscribed and Sworn to before me on the 12th day of March, 2015 by the affiant who is personally known to me.

NOTARY PUBLIC

DAWN AUSTIN-DEKKER
MY COMMISSION EXPIRES
NOTARY PUBLIC
MARCH
MUSCOGEE COUNTY, GA

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V7.0r



STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA

CAPITOL CITY BANK & TRUST,
COMPANY,

        Plaintiff,

VS.

RESTORATION MINISTRIES A.T.M., INC.,
TERESA Y. BROWN and
M. STEPHEN McGILL, SR.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
FILED IN OFFICE

**MAY 10 2016**

DEPUTY CLERK
M. LINDA PIERCE, CLERK

CIVIL ACTION

FILE NO. SC14CV1012

**ORIGINAL**

Muscogee County
State Court
MAY 10 2016
Filed in Chambers
Andy Prather

### FINAL JUDGMENT

The Court having read and considered the Complaint and Service Returns,

The Court FINDS that Defendant Restoration Ministries A.T.M., Inc. has been properly served

pursuant to O.C.G.A. § 9-11-4(e) on , and that it has not filed and served an answer within the time

provided by law and the case is in default,

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff be

granted judgment against Defendant Restoration Ministries A.T.M., Inc., for the following sums:

(a)    On the Promissory Note dated May 15, 2009: $1,880,270.21 principal,

       $211,335.74 interest through April 12, 2016; $23,907.04 in late charges;

       attorneys' fees of $456,526.82, plus continuing interest after April 12, 2016, in

       the per diem amount of $203.41;

(b)    On the Promissory Note dated November 20, 2008, $2,334,750.02 principal,

       $558,690.25 interest through April 12, 2016; $28,058.73 in late charges;



attorneys' fees of $456,526.82, plus continuing interest after April 12, 2016, in

the per diem amount of $525.30; and

(c)   All costs of court.

This _10_ day of _May_____, 2016.

_____
JUDGE, STATE COURT OF MUSCOGEE COUNTY

Presented By:
STOKES CARMICHAEL & ERNST LLP

By: _____
        William K. Carmichael
        (GA Bar No. 110600)
        Laurel Creek Spainhour
        (GA Bar No. 221577)
Attorneys for Plaintiff
80 Peachtree Park Drive, N.E.
Atlanta, GA  30309-1320
Tel:    (404) 352-1465
Fax:    (404) 352-8463
SCE File Nos. 15-03661 and 15-03662

EXHIBIT "B"

# General Civil Case Final Disposition Form (Non-Domestic)

Court
_____ Superior
__X__ State

County __MUSCOGEE__

Docket # ____SC14CV1012____

Date Filed __05-10-2016__
MM-DD-YYYY

Reporting Party: ___William K. Carmichael___
Last    First    Maiden I. Suffix Prefix    Maiden

___ATTORNEY___
Title

Name of Plaintiff/Petitioner(s)

CAPITOL CITY BANK & TRUST
COMPANY

Name of Defendant/Respondent(s)

RESTORATION MINISTRIES A.T.M., INC.,
TERESA Y. BROWN and
M. STEPHEN McGILL, SR.

Plaintiff/Petitioner's
Attorney

___William K. Carmichael___

Bar # ___110600___

Defendant/Respondent's Attorney
_____ Pro Se

Bar # _____

---

## TYPE OF DISPOSITION

### (Check all that apply)

1. _____ Pre-Trial Dismissal (Specify which type)
    A. _____ Involuntary
    B. _____ Voluntary (without prejudice)
    C. _____ Voluntary (with prejudice)
2. __X__ Pre-Trial Settlement
3. __X__ Default Judgment
4. _____ Summary Judgment
5. _____ Judgment on the Pleadings
6. _____ Transferred/Consolidated
7. _____ Bench Trial
8. _____ Jury Trial (Specify outcome further)
    A. _____ Dismissal after jury selected
    B. _____ Settlement during trial
    C. _____ Judgment on Verdict
    D. _____ Directed Verdict or JNOV

## AWARD

1. If verdict for Plaintiff, how much was awarded?
    $_____ Compensatory
    $_____ Punitive
2. If verdict on cross or counter claims, how much was awarded?
    $_____ Compensatory
    $_____ Punitive
3. Did the court modify the award?
    _____ Yes _____ No
4. Were attorneys fees awarded?
    _____ Yes _____ No

SCANNED-INDEXED

MAY 1 9 2016

M. LINDA PIERCE
S.C.M.C.

---

1. _____ Judgment on Verdict.  Was the verdict:
    A. _____ For Plaintiff(s) [all]
    B. _____ For Defendant(s) [all]
    C. _____ Other: (Explain)

    _____
    _____

## ADR

1. Was ADR utilized?
    _____ Yes _____ No
2. If yes, was it (check if applicable)
    _____ court annexed?
    _____ court mandated?
3. Did the matter settle after trial for other than judgment? (If known at the time of this submission)
    _____ Yes _____ No



EXHIBIT "B"



**Brian P. Kemp**
**Secretary of State**

| Secretary of State |
| Control No.: K516760 |
| Date Filed:11/25/2014 11:41:38 PM |

## STATE OF GEORGIA
### 2014 Corporation Annual Registration

OFFICE OF THE SECRETARY OF STATE
Annual Registration Filing
P.O. Box 23038
Columbus, Georgia 31902-3038

Information on record as of: 11:41:39 PM

**Entity Control No. K516760**     **Amount Due: $30.00**     Amount Due AFTER June 1, 2014: $30.00

RESTORATION MINISTRIES A.T.M INC.
2507 Brittany Pk Lane
Ellenwood, Georgia 30294

Each business entity registered or filed with the Office of Secretary of State is required to file an annual registration. Amount due for this entity is indicated above and below on the remittance form. Annual fee is $30. If amount is more than$30 , the total reflects amount(s) due from previous year(s) and any applicable late fee(s). Renew by April 1,2013 Your Annual Registration must be postmarked by June 1,2014. If your registration and payment are not postmarked by June 1,2014, you will be assessed a $25.00 late filing penalty fee.

For faster processing, we invite you to file your Annual Registration online with a credit card at Http://www.sos.ga.gov/corporations/ The Corporations Division accepts Visa, MC, Discover, American Express and ATM/Debit Cards with the Visa or MC logo for online filings only. Annual Registrations not processed online require payment with a check, certified bank check or money order. We cannot accept cash for payment.

You may mail your registration in by submitting the bottom portion of this remittance with a check or money order payable to "Secretary of S t a t e ". All checks must be pre-printed with a complete address in order to be accepted by our offices for your filing. Absolutely, no counter or starter checks will be accepted. Failure to adhere to these guidelines will delay or possibly reject your filing. Checks that are dishonored by your bank are subject to a $30.00 NSF charge. Failure to honor your payment could result in a civil suit filed against you and/or your entity may be Administratively Dissolved by the Secretary of State. [See O.C.G.A. § 13-6-15 and Title 14, respectively.]

Officer, address and Agent information currently of record is listed below. Please verify "county of registered office." If correct and complete, detach bottom portion, sign, and return with payment. Or, enter changes as needed and submit. Complete each line, even if the same individual serves as Chief Executive Officer, Chief Financial Officer, and Secretary of the corporation.
Note: Registered Agent address must be a street address in Georgia where the agent may be served personally. A mail drop or P.O. Box does not comply with Georgia law for registered office. P.O. Boxes may be used for principal office and officers'addresses.

Any person authorized by the entity to do so may sign and file registration (including online filing). Additionally, a person who signs a document submits an electronic filing he or she knows is false in any material respect with the intent that the document be delivered to the Secretary of State for filing shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished to the highest degree permissible by law. [O.C.G.A. § 14-2-129.]

Please return ONLY the original form below and applicable fee(s). For more information on Annual Registrations or to file online, visit Http://www.sos.ga.gov/corporations/ Or, call 404-656-2817.

| CORPORATION NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| RESTORATION MINISTRIES A.T.M INC. | PO BOX 8568 | COLUMBUS | GA | 31908-8658 |
| CEO: MARSHALL S. MCGILL | 3001 Airport Thruway | Columbus | Georgia | 31909 |
| CFO: TYRONE PASLEY | 3001 Airport Thruway | Columbus | Georgia | 31909 |
| SEC: NATASHA MIDDLEBROOKS | 3001 Airport Thruway | Columbus | Georgia | 31909 |

### THE ABOVE INFORMATION HAS BEEN UPDATED TO:

| CORPORATION NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| RESTORATION MINISTRIES A.T.M INC. | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |
| CEO: STEVE LANIER | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |
| CFO: O'NEAL BROWN | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |
| SEC: O'NEIL BROWN | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |
| AGT: Steve Lanier | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |

| I CERTIFY THAT I AM AUTHORIZED TO SIGN THIS FORM AND THAT THE INFORMATION IS TRUE AND CORRECT. | P.O. BOX NOT ACCEPTABLE FOR REGISTERED AGENT'S ADDRESS | COUNTY OF REGISTERED OFFICE: Muscogee County | | |
| AUTHORIZED SIGNATURE:  Steve Lanier | | Date:11/25/2014 11:41:38 PM | Total Due: | |
| Title:CEO | Email: | | $30.00 | |

BR201 2013 Corporation Annual Registration

144 K516760Z7 0030004 RESTORATIONMINISTRIES 201406013 0055004



# **AFFIDAVIT**

Personally appeared before me, the undersigned notary public, TYRONE PASLEY, who being duly sworn, deposes and says:

1.     I am 18 years old or older, and I give this affidavit on the basis of my personal knowledge of facts and circumstances connected with this matter.

2.     I suffer under no legal disabilities which would render me legally incompetent to give this affidavit.

3.     On December 4, 2014 I was not the Registered Agent as defined by Georgia law for Restoration Ministries, A.T.M., Inc.

4.     On December 4, 2014 I was not an officer or managing agent as defined by Georgia law and did not have authority to accept service of any legal documents on behalf of Restoration Ministries A.T.M., Inc.

5.     Attached to this affidavit is a true and correct copy from the records of the Secretary of State of Georgia verifying that Steve Lanier was the Registered Agent for Restoration Ministries A.T.M., Inc. on such date and that I was not an officer of such entity on such date.

Further affiant sayeth naught.  This _29th_ day of July, 2016.

_____
TYRONE PASLEY

Sworn to and subscribed before me this _29th_ day of _July_, 2016.

_____
Notary Public



CYNTHIA BERNARD
NOTARY
EXPIRES
NOVEMBER 4, 2017
GEORGIA
PUBLIC
MUSCOGEE COUNTY

EXHIBIT "D"



**Brian P. Kemp**
**Secretary of State**

**STATE OF GEORGIA**
**2014 Corporation Annual Registration**

OFFICE OF THE SECRETARY OF STATE
Annual Registration Filing
P.O. Box 23038
Columbus, Georgia 31902-3038

| Secretary of State |
| Control No.: K516760 |
| Date Filed:11/25/2014 11:41:38 PM |

Information on record as of: 11:41:39 PM

**Entity Control No. K516760**      **Amount Due: $30.00**      Amount Due AFTER June 1, 2014: $30.00

RESTORATION MINISTRIES A.T.M INC.
2507 Brittany Pk Lane
Ellenwood, Georgia 30294

**Each business entity registered or filed with the Office of Secretary of State is required to file an annual registration.** Amount due for this entity is indicated above and below on the remittance form. Annual fee is $30. If amount is more than $30 , the total reflects amount(s) due from previous year(s) and any applicable late fee(s). Renew by April 1,2013 Your Annual Registration must be postmarked by June 1,2014. If your registration and payment are not postmarked by June 1,2014, you will be assessed a $25.00 late filing penalty fee.

For faster processing, we invite you to file your Annual Registration online with a credit card at Http://www.sos.ga.gov/corporations/ The Corporations Division accepts Visa, MC, Discover, American Express and ATM/Debit Cards with the Visa or MC logo for online filings only. Annual Registrations not processed online require payment with a check, certified bank check or money order. We cannot accept cash for payment.

You may mail your registration in by submitting the bottom portion of this remittance with a check or money order payable to "Secretary of S t a t e" . All checks must be pre-printed with a complete address in order to be accepted by our offices for your filing. Absolutely, no counter or starter checks will be accepted. Failure to adhere to these guidelines will delay or possibly reject your filing. Checks that are dishonored by your bank are subject to a $30.00 NSF charge. Failure to honor your payment could result in a civil suit filed against you and/or your entity may be Administratively Dissolved by the Secretary of State. [See O.C.G.A. § 13-6-15 and Title 14, respectively.]

Officer, address and Agent information currently of record is listed below. Please verify "county of registered office." If correct and complete, detach bottom portion, sign, and return with payment. Or, enter changes as needed and submit. Complete each line, even if the same individual serves as Chief Executive Officer, Chief Financial Officer, and Secretary of the corporation.
**Note: Registered Agent address must be a street address in Georgia where the agent may be served personally. A mail drop or P.O. Box does not comply with Georgia law for registered office. P.O. Boxes may be used for principal office and officers'addresses.**

Any person authorized by the entity to do so may sign and file registration (including online filing). Additionally, a person who signs a document submits an electronic filing he or she knows is false in any material respect with the intent that the document be delivered to the Secretary of State for filing shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished to the highest degree permissible by law. [O.C.G.A. § 14-2-129.]

Please return ONLY the original form below and applicable fee(s). For more information on Annual Registrations or to file online, visit Http://www.sos.ga.gov/corporations/ Or, call 404-656-2817.

| CORPORATION NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| RESTORATION MINISTRIES A.T.M INC. | PO BOX 8568 | COLUMBUS | GA | 31908-8658 |
| CEO: MARSHALL S. MCGILL | 3001 Airport Thruway | Columbus | Georgia | 31909 |
| CFO: TYRONE PASLEY | 3001 Airport Thruway | Columbus | Georgia | 31909 |
| SEC: NATASHA MIDDLEBROOKS | 3001 Airport Thruway | Columbus | Georgia | 31909 |

**THE ABOVE INFORMATION HAS BEEN UPDATED TO:**

| CORPORATION NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| RESTORATION MINISTRIES A.T.M INC. | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |
| CEO: STEVE LANIER | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |
| CFO: O'NEAL BROWN | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |
| SEC: O'NEIL BROWN | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |
| AGT: Steve Lanier | 2507 Brittany Pk Lane | Ellenwood | Georgia | 30294 |

| I CERTIFY THAT I AM AUTHORIZED TO SIGN THIS FORM AND THAT THE INFORMATION IS TRUE AND CORRECT. | P.O. BOX NOT ACCEPTABLE FOR REGISTERED AGENT'S ADDRESS | COUNTY OF REGISTERED OFFICE: Muscogee County | | |
| AUTHORIZED SIGNATURE:  Steve Lanier | | Date:11/25/2014 11:41:38 PM | | Total Due: |
| Title:CEO | Email: | | | $30.00 |

BR201 2013 Corporation Annual Registration

144 K516760X7 0030004 RESTORATIONMINISTRIES 201406013 0055004



## **VERIFICATION**

STATE OF GEORGIA
COUNTY OF MUSCOGEE

      Personally appeared before me, the undersigned attesting officer, duly authorized to administer oaths in and for said State and County, M. STEPHEN MCGILL, in his capacity as an officer of RESORATION MINISTRIES, A.T.M., INC., who, on oath, deposes and says that he is the President of the Plaintiff in the foregoing Petition to Vacate Void Judgment and that the facts and allegations stated in the said Petition to Vacate Void Judgment are true and correct to the best of his knowledge and belief.

This 29 day of ___July___, 2016

                                      (L.S)
                          M. Stephen McGill, in his
                          Capacity as President of
                          Restoration Ministries A.T.M., Inc.

Sworn to and subscribed before me, this
29ᵗʰ day of ___July___, 2016.

_____
Notary Public, Muscogee County, Georgia
My Commission Expires: _11-4-2017_

(Notary Seal)