# EXHIBIT A

IN THE SUPERIOR COURT OF MUSCOGEE COUNTY FILED IN OFFICE
STATE OF GEORGIA

2016 JUN -6  PM 4: 24

RESTORATION MINISTRIES A.T.M. , INC.,   *
M. STEPHEN MCGILL,  SR and TERESA Y   *
BROWN,   *
       Plaintiff,   *
   *
VS.   *
   *
CAPITAL CITY BANK & TRUST COMPANY, *
Individually and severally, FIRST CITIZENS   *
BANK &TRUST COMPANY, STOKES,   *
CARMICHAEL & ERNST  LLP. Individually,   *
and severally, WILLIAM K. CARMICHAEL,   *
Individually  & severally, THOMAS V.   *
KEOUGH, Individually & severally   *
   *
       Defendants.   *
   *
   *
   *

M. LINDA PIERCE
MUSCOGEE COUNTY
SUPERIOR COURT

CIVIL ACTION
FILE NO. SU16CV1651-68

## COMPLAINT FOR DAMAGES AND FOR
## AN INTERLOCATORY INJUNCTION AGAINST FORECLOSURE

### I
### PRELIMINARY STATEMENT AND INTRODUCTION

COMES NOW, RESTORATION MINISTRIES A.T.M. INC. , M. STEPHEN MCGILL, SR. and TERESA Y. BROWN, the Plaintiffs in the above-styled action, and shows the Court as follows This complaint is an action for An Interlocatory Injunction an statutory and actual damages claims for attempted wrongful foreclosure and other claims and actions for damages  brought by Plaintiffs Restoration Ministries A.T.M., Inc. and M. Stephen McGill, Sr. and his wife Teresa y Brown (Plaintiffs ) against the above name Defendants , Capital City Bank & Trust Company , individually and severally, First Citizens Bank & Trust Company, Stokes Carmichael & Ernst LLP, individually and severally, William K. Carmichael, individually & severally, and Thomas V. Keough, Individually &severally (Defendants) ; for the following actions .

    (a)  violated Georgia's Fair Lending Act O.C.G.A.§ 7-6A-6

    (b)  for violation of the Truth in Lending

    (c)  violated Georgia's Fair Lending Act and O.C.G.A §7-6A-4 (2015)  -

    (d)  for fraud on Plaintiffs and fraud on the Bankruptcy court

1

(e) or injunctive relief;

(f) violation of Federal Trade Commission Act;

(g) violation of Home Ownership and Equity Protection Act;

(h) violation of Civil False Claims Act;

(i) for attempted wrongful foreclosure

(j) civil rico

(k) predatory lending

(l) predatory servicing

(m) for statutory, actual, and punitive damages; and

(n) for reasonable attorney's fees and court costs.

## II.

### 1.

### PARTIES.

Plaintiffs are citizens domiciled in Muscogee County Columbus, Georgia.  Plaintiff are the husband and wife and the ministers and President and Secretary of Restoration Ministries A.T.M., Inc. and the owners of real property located at in Columbus, Muscogee County Georgia (hereinafter the "Subject Property"), which is currently collateral on an allegedly secured first mortgage loan and other loans called 2nd mortgages allegedly instituted by Capital City Bank & Trust Company and now allegedly held by First-Citizens Bank Trust Company.            :

### 2.

On information and belief Defendant, CAPITAL CITY BANK & TRUST COMPANY, a Bank closed by the Federal Deposit Insurance Corporation for  predatory lending , appraisal practices, mismanagement, failing to effectively oversee lending practices , and repeated violations of lending laws with their customers , mishandling of loans and loan Modifications , accounting for monies etc. and other unlawful violations . Defendant Capital City Bank & Trust Company did on or about

November 2008 reside and had its principal office in Atlanta, Georgia , and the Metro Area. Based on information and belief, Defendant was closed on February 13, 2015  by the Federal Deposit Insurance Corporation ("FDIC) as receiver  and an order appointing the FDIC as receiver was executed by a Fulton County Superior Court Judge on February 13, 2015. Defendant Capital City Bank & Trust Company can be served by copy of Second Original c/o Defendant First Citizens Bank & Trust Company's agent for service being CT Corporation  at 1201 Peachtree Street , N.E. Atlanta, Ga. 30361 and once served it will be subject to the jurisdiction of this court.

### 3.

Further, on information and belief, Defendant FIRST CITIZENS BANK & TRUST COMPANY  by agreement executed a purchase and assumption agreement with the  Federal Deposit Insurance Corporation to assume and purchase Defendant CAPITAL CITY BANK & TRUST COMPANY'S assets and liabilities and they  may be personally served with process at its Principal Place of Business at 4300 Six Forks Road,  Raleigh , N Carolina 27609 but has a registered agent with the Secretary of State of Georgia at which it can be served by Second original  being CT Corporation at 1201 Peachtree Street , N.E. Atlanta, Ga. 30361 and once served it will be subject to the jurisdiction of this court..

### 4.

### III

### JURISDICTION AND VENUE

### 7.

The Court has subject matter jurisdiction over this case pursuant to O.C.G.A. § 15-6-8 (original and concurrent jurisdiction)Venue is proper in this Court pursuant to the Ga. Const. Art. 6, § 2, ¶ III and VI, and the property attempted to be foreclosed upon is located in Muscogee County, Georgia.

3

IV.

## STATEMENT OF FACTS & CLAIMS

**8.**

According to the information provided by Defendant Thomas V. Keough, agent and attorney of First Citizens Bank * Trust Company , on November 20, 2008, Plaintiffs closed on a loan with Defendant Capital City Bank and Trust Company, hereinafter called (CCB).  Plaintiffs executed a promissory note in favor of Capitol City Bank & Trust Company (CCB) in the original principal amount of $1,717,325.00. Said property is and was located a 3001 Airport Thruway, Columbus, Muscogee County, Georgia 31908   A copy of the advertise and notice of foreclosure is attached as Exhibit "1" to this Complaint and made a part hereof by reference.

**9.**

Defendant Thomas V. Keough, agent and attorney further in its advertisement states in a section termed **"Important Notices .under item no 2."**

**"The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt."**

**10.**

According to the information provided by  Defendant Thomas V. Keough, agent and attorney of First Citizens Bank & Trust Company. Plaintiffs also executed a security deed on the same date in favor of (CCB) and was also listed as the guarantors under the security deed and the notes. According to Defendant Keough in his advertisement for foreclosure said deeds was executed in the original principal amount of note 1. $2,228,645.00 and note 2.of $1,717,325.00 by Plaintiff Restoration

4

Ministries A.T.M and which included 3 pieces of property, namely, (1). 5001 Forrest Road, Columbus, Muscogee County, Georgia, , (2) 50021 Forrest Road, Columbus, Muscogee County, Georgia and (3) 2599 Regency Drive, Columbus, Muscoogee County, Georgia . A copy of the notice of foreclosure is attached as Exhibit "2" to this Complaint and made a part hereof by reference

Defendant Thomas V. Keough, agent and attorney further in its advertisement states in a section termed

"**Important Notices .under item no 2.**"

"**The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt.**"

11.

According to the information provided by Defendant Thomas V. Keough, agent and attorney of First Citizens Bank & Trust Company. Plaintiffs also executed 2 security deeds and notes. No. 1 note in the amount of $2,228,645.08 executed on November 20, 2008 and note no2. in the amount of $1,717,325.00 executed on May 15, 2009 ( Both Note 1 and 2 executed on property located on 6648 Woodberry Court, Columbus, Muscogee County, Georgia on the same date in favor of (CCB) and Plaintiffs were also listed as the guarantors under the security deed and the notes.

Defendant Thomas V. Keough, agent and attorney further in its advertisement states in a section termed

"**Important Notices .under item no 2.**"

"**The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt.**"

12.

According to the information provided by Defendant Thomas V. Keough, agent and attorney of First Citizens Bank & Trust Company. Plaintiffs also executed 2 security deeds and notes. No. 1

note in the amount of $2,228,645.08 executed on November 20, 2008 and note no2. in the amount of $1,717,325.00 executed on May 15, 2009 ( Both Note 1 and 2 executed on property located on **2421 Victory Drive** ,Columbus, Muscogee County, Georgia on the same date in favor of (CCB) and Plaintiffs were also listed as the guarantors under the security deed and the notes.

Defendant Thomas V. Keough, agent and attorney further in its advertisement states in a section termed

"**Important Notices .under item no 2.**"

"**The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt.**"


### 13.


To the Plaintiffs' knowledge, many of these notes was never signed by them and Plaintiff's had complained to Capitol City of the many irregularities on his loans, money was missing from their his accounts without their permissions and the bank failed to give their accounts n credit for monies paid violating the Truth in Lending and O.C.G.A §7-6A-4 (2015) by flipping loans .and more especially Plaintiff's home loan with the two notes as shown in Exhibit 5. Plaintiffs do not owe to Defendants the monies claimed to due and request a true and correct accounting with Defendants.

### 14.

Plaintiffs violated Georgia's Fair Lending Act O.C.G.A.§ 7-6A-6 and Defendants never received credit for the money they paid on loans to Capital City Bank and Plaintiffs never received from Defendants the proper settlement statements of monies allegedly given them on the loans that were put against the property for alleged improvements . This is shown by 2 alleges notes and deeds to

secure debt allegedly held by Defendants and attempting to foreclose on the same which is in violation

of Georgia's Fair Lending Act O.C.G.A. .§ 7-6A-6.

15.

According to knowledge and belief Defendants violated RESPA Real Estate Settlement

Procedures Act 12 U.S.C.A. § 2614 . Defendant never provided notice to Plaintiffs of Settlement

documents of all of the many loans made and alleged made by Defendants' agents and attorneys.

Plaintiffs were only aware of the same when Capital City Bank was taken over by FDIC and the

attorneys hired by First Citizens Bank & Trust Company embarked on lawsuits against Plaintiffs and

Foreclosure of alleged securities without mercy or even allowing Plaintiffs opportunity to dispute the

loans. .. Additionally, Plaintiffs never received notice that the loan and/or security deed was

transferred or sold to First Citizens Bank & Trust Company until the notices of Foreclosure. . Hence, it

is not clear whether Defendant purports to be the owner of the loan or the note or security or just the

servicer of the loans.

16.

Plaintiffs demonstrates that in order to protect the church's property and he and his wife's own

property he filed a Bankruptcy Petition due to Defendants and each of them , and their attorneys and

agents filing Foreclosure Notices and Lawsuits designed to take Plaintiffs' property... According to

information and belief he only discovered that the loan were only serviced by Defendant through their

own efforts

17.

Plaintiffs show that they filed a Chapter 11 Petition for Reorganization of Restoration

Ministries A.T.M. due to Defendant's insistence of taking the church property by foreclosure

Plaintiffs show that the Bankruptcy Trustee and the Judge allowed them a plan to sell the property due to its rising value , which would cause any allege proven debt legally owed to Defendant to be settled.

18.

Plaintiffs' shows that they had at least six (6) serious contracts for sale which was as follows:

1. Palmerhouse Properties

2. Spring Hill Land Trust (Dollar General)

3. Walmart –

4. The Henry Group LLC., - 2015

5. The Highland Group-2016

6. Oasis -2016

. According to information and belief, each time a contract for sale on the property as permitted by the Bankruptcy and when Plaintiffs obtained a contract for sale. Defendants Banks  and their agents and attorney Stokes Carmichael & Ernst and Defendant William K. Carmichael would tell them that they could not give them a clear title which would not only chill the potential sale but caused permanent loss of the sale all of which was damaging to Plaintiffs .

**19.**

Plaintiffs  Bankruptcy plan  was terminated when Defendant Carmichael , agent and attorney for Capital City Band & Trust Company and for first Citizens bank & Trust Company petition the Bankruptcy Judge that Plaintiff had not cooperated and sold the property as directed to in the plan knowing that each time a potential buyer came to them they would tell the buyer that they could not give them clear title they failed to reveal to the Bankruptcy Judge that they could not produce clear title

to the property and the land because they were not the record holder of the Deed to Secure Debts and could not produce a clear title.

According to knowledge and belief  Defendants and each of them failed to reveal to the Judge that their intent was to foreclose upon Plaintiff's property and allegedly clear the title by foreclosure when otherwise they could not grant good title to the land they wished to unlawfully foreclose on

## V

## FRAUD ON THE COURT

### 20.

According to knowledge and belief Plaintiff shows that on motion of Defendants and their agents and attorneys they were wrongfully dismissed from Bankruptcy Protection due to Fraud on the Court. Defendants , their agents and attorneys misrepresented to the Court that they would allow and accept Plaintiffs' that they were the ones who held the note and security deeds on all the property allegedly owned by their clients and that the property was marketable  with full knowledge that they "may not be the recorded holder of the Deed to Secure Debt.." . Said fraud is a Tort and actionable under O.C.G.A. §51-6-2  as misrepresentation of a material fact and the same is actionable and the came conduct caused Plaintiffs damages in causing them to loose sales in well over $10,000.00.00.

### 21.

Defendant Capital City Bank (Closed Band) and First Citizens Bank and Trust Company instituted this foreclosure sale as the secured creditor. However, it is wholly unclear as to whether or not Defendant Banks have standing to institute a foreclosure against Plaintiffs. If First Citizens Bank claiming to be the servicer, a servicer has no standing to foreclose on property. If First Citizen is claiming to be the owner of the debt, it has not proven that it is the owner of the note and the security

deed, which ownership of both is required for a legal foreclosure. Further *if First Citizen does not own the Security Instrument that cannot enforce the power of sale*. First Citizen also proved that it does not hold the note and, therefore, cannot be the secured creditor. First Citizen does not have the right to foreclose on the property as the lender or creditor and neither does Capitol City Bank for it is closed.

### 21.

Hence, there is no clear evidence on whom the true note holder is. This discrepancy and lack of accurate information on who actually owns the note are fatal to a foreclosure action. Only the entity that holds both the note and security deed is entitled to foreclose on the home.

### 22.

In this case, it appears that there is no single entity that holds both documents. Without any clear documentation to show such, Neither Bank has legal right to foreclose on Plaintiff's home.

### 23.

Defendants do not show that it is servicing the loan for a lender who has possession or ownership of the note and security deed. The true note holder is unknown at the present time and at the time of the advertisement the sale should be restrained and does not have the right to foreclose on the property as the secured creditor.

### 24.

Plaintiff has no adequate remedy at law and Plaintiff will be greatly harmed unless Defendants, its agents and assigns be enjoined from a non judicial foreclosure on June 7, 2016.

### CAUSES

### VI.

### COUNT 1

### 25.

Plaintiffs incorporate all previous allegations as if specifically and fully set forth herein.

26.

## FRAUD – UNCLEAN HANDS

Upon information and belief, Defendant First Citizen has falsely represented in its correspondence to Plaintiff and its publication of the foreclosure sale that it is the owner of Plaintiffs note and security deed and consequently has the authority to foreclose on Plaintiffs' property when it has no such authority.

27.

Defendant First Citizen has produced no documentation evidencing a right to foreclose on Plaintiffs' property. First Citizen claims to be the lender or secured creditor but has never produced evidence of ownership of the note. In fact, it appears that Capitol City Bank still owns the notes and Security Deeds

28.

Defendant First Citizen made the representations knowing them to be false.

29.

Plaintiffs justifiably relied on First Citizen and First Citizen's representations that it was the owner of Plaintiffs' loan to whom payments should be made.

30.

Upon information and belief, Plaintiffs did not know at the time that the Defendant's representations were false. Only after there was a careful examination of the advertisement and notice

to plaintiff and t and hiring counsel did Plaintiffs realize that First Citizens and its agents and attorneys' representations were false.

### 31.

As a direct and proximate result of the Defendant's false representations, Plaintiffs sustained significant loss and damage and is entitled to punitive damages.

### 32.

Additionally, as a result of Defendant's fraud, Plaintiffs have incurred substantial costs in bringing this lawsuit and requests that the Court awards Plaintiffs attorney's fees and court costs.

## COUNT 2.

## PERMANENT INJUNCTIVE RELIEF AGAINST DISPOSSESSORY

### 33.

Plaintiffs incorporate all previous allegations as if specifically and fully set forth herein.

### 34.

Pursuant to O.C.G.A. § 9-5-1 and § 9-11-65, Plaintiff files for temporary and permanent injunctive relief against foreclosure by Defendants.

### 35.

O.C.G.A. provides that equity, by writ of injunction, may restrain any act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided by law.

### 36.

Plaintiffs have a clear legal right to seek injunctive relief due to Defendant's pending illegal foreclosure on their home. Without a lawful right to do so, Defendant seeks to foreclose on Plaintiffs' home.

### 37.

12

Plaintiffs have no adequate remedy at law to redress the harm complained of and the foreclosure of Plaintiffs' property under the circumstances of record is contrary to equity and good conscience in that foreclosure is threatened without legal standing.

### 38.

O.G.C.A. sec. 9-11-65(b)(I) and (2) provide that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific facts shown by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant's attorney certifies to the court, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

### 39.

The requisite certification pursuant to O.C.G.A. § 9-11-65(b)(2) is set forth following the Verification of this Complaint by the Plaintiffs.

### 40.

The specific facts set forth in this Verified Complaint demonstrate that unless a temporary injunction against the foreclosure is granted that Plaintiff will suffer the irreparable injury, loss, and damage of the loss of their property.

## House Oversight Committee Constitutional

### 41.

The standard contract gave the government certain enforcement rights **if** the servicer defaulted. (*See* HAMP, Commitment to Purchase Financial Instrument and Servicer Participation Agreement). Herbert Allison, Treasury Assistant for Financial Stability, announced plans to hold servicers accountable by creating "SWAT teams" of Treasury staff who would be "imbedded" at servicers as part of a

"conversion drive" by inviting reports from borrowers and their advisors (*See* Allison, December 2009 Testimony pg. 107).

42

The relevant action for purposes of this case is the contractual language between the servicer and Federal providers by and through the U. S Treasury Department. The agreement specifically incorporates the Truth in Lending Act, the Federal Trade Commission Act, the Home Ownership and Equity Protection Act, and "other Federal and state laws designed to prevent unfair, discriminatory or predatory lending practices" Federal criminal laws involving fraud and the civil False Claims Act. (HAMP, Servicer Participation Agreement, at B-3-B-4). When a provider acts outside of its contractual relationship to the banking institution and the counter-claim plaintiffs by repeatedly refusing to clear compliant documents prior to foreclosure date. Once the banking institution fails to follow its own regulations then the resulting foreclosure is not permitted.

Defendant failed to produce any documentation showing its right to foreclose on Plaintiff's property. First Citizens has no evidence that the note was ever assigned to it. **First Citizens** has presented no evidence on who it is servicing the loan for, whether for itself or another. If First Citizens Bank is the servicer, it has no right to foreclose as a servicer.

**43.**

If First Citizens can show true ownership of the security deed and not just that it holds title solely for the administrative convenience of servicing the loan *(see 12 C.F.R. § 226.39(a)(1)*, it still cannot show ownership of the note. Hence, First Citizens would still lack the authority to foreclose. The deed enforces the note, and if the deed is separate from the note, then enforcement cannot occur.

**43.**

14

Defendant has no interest in the note payments and cannot enforce the note in its own right. Hence, Defendant is not a creditor legally entitled to bring a foreclosure action. First Citizen has no pecuniary interest in the foreclosure.

i.   Homes Owner's Equity Act: The Homes Owners McGill's were crossed collateralized with commercial properties. Therefore the banking institution, extended the protection of the Home Owners Equity Act to all properties. The failure to avail the Home Owner of Constitutional Protection described by the Under Secretary makes the foreclosure per se inequitable.

ii.  Truth in Lending Act: It is not clear that the actual parties to the loan, the bankruptcy action and present foreclosure are the same or properly assumed title to the action.

iii. Civil False Claims Act: The putative Home Owners upon information and belief the entity subject to FDIC protection did not act in a manner consistent with an attempt to properly secure assets for its creditors. Upon information and belief the entity acted to maximize its assets as a creditor and minimize its assets as a debtor.

**44.**

A valid assignment requires both the note and the deed to be assigned for foreclosure purposes. A note split from the deed becomes unsecured. A noteholder *only* lacks the security and the power to foreclose. A deed holder *only* suffers no default because only the noteholder is entitled to payment.[1]

**45.**

Therefore, Defendant lacks legal standing to foreclose on Plaintiffs' property. Standing requires possession of the note and ownership of the security deed.

---

[1] See *In Re Foreclosure Cases* (Opinion and Order), 1:07CV2282, USDC, Northern District of Ohio, Eastern Division. Judge Boyko required the foreclosing parties to submit proof via an assignment that it was the real party in interest and that they had followed Ohio law on recording of their alleged interest. The parties did not comply, and Judge Boyko dismissed their complaints. See also *In re Mitchell* (Memorandum Opinion), BK-S-07-16226-LBR, US Bankruptcy Court, District of Nevada.

## Defendant is precluded from foreclosing for failure to comply with O.C.G.A § 44-14-162.2(a).

### 46.

Defendant is also barred from foreclosing on Plaintiff's property based on the foreclosure requirements of O.C.G.A § 44-14-162.2(a), which requires that the *secured creditor* (emphasis added) provides notice of initiation of foreclosure proceedings to the debtor no later than thirty days before the proposed sale date.

### 47.

Here, it is clear that First Citizen Bank's role as it relates to Plaintiff's loan is not that of the secured creditor. First Citizen is holding itself out to be the secured creditor but does not hold the note. Neither has First Citizen indicated whether it owns the security deed or if it is only servicing it for another entity.

### 48.

The notice provided by Defendant is insufficient as O.C.G.A § 44-14-162.2(a) requires the secured creditor to provide the required notice. Here, Defendant is not a secured creditor because it does not hold both the note and the deed. Thus, Defendant has no legal authority to conduct a foreclosure on Plaintiffs' property.

## The failure to comply with the Uniform Commercial Code also prohibits Defendant from foreclosing on Plaintiffs' property.

### 49.

Furthermore, Defendant is prohibited by the Uniform Commercial Code (UCC) from foreclosing on Plaintiff's property. O.C.G.A. 11-3-501 requires a lender to exhibit the instrument (note) upon demand by the person to whom a demand for payment is made.

16

Upon Plaintiffs' demand, Defendant failed to produce a copy of the original note.

**50.**

The UCC gives Plaintiffs the right to discontinue payment without dishonor for failure of the Defendant's demands to comply with the terms of the instrument, an agreement of the parties, or other applicable law or rule.  O.C.G.A. 11-3-501(b)(3).

**51.**

If Defendant cannot prove it owns the note, it has no right to demand or receive payment. Hence, under the UCC, Defendant is barred from demanding payment or foreclosing on Plaintiffs' property without having exhibited the note and proof of ownership.

**52.**

Moreover, under the UCC, an instrument is not transferred until it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.  O.C.G.A. 11-3-203(a).

**53.**

Here, Defendant cannot show a legal transfer of the note and joint ownership of the security deed.

**54.**

Defendant, therefore, has no legal right to foreclose on Plaintiffs' home.

**55.**

Based on the above violations, Plaintiffs seeks an Order staying any non-judicial foreclosure.

**56.**

Plaintiffs seeks permanent injunction barring Defendant from proceeding with foreclosure action of all properties specified and subject to foreclosure action unless and until such time that Defendant can show legal standing to foreclose.

### 57.

As Defendant has no legal standing to institute or maintain a foreclosure of the property, there is no harm to said Defendant with the granting of the requested relief, and any claimed harm is substantially outweighed by the irreparable harm to the Plaintiffs if the relief requested herein is not granted.

### 58.

Under the circumstances where there is no harm to Defendant with the granting of the requested relief, no bond should be required as a prerequisite to the granting of the relief requested herein as there are no costs or other damages which could be contemplated on the part of Defendant with the granting of the requested relief for which a bond would otherwise be necessary.

### 59.

As shown from the facts contained herein, unless Defendant is immediately restrained from foreclosing on Plaintiffs' property, Plaintiffs will suffer immediate and irreparable injury in that they will suffer an illegal foreclosure and lose their property.

### 60.

Plaintiffs have incurred substantial costs in bringing this lawsuit and request that the Court awards Plaintiffs attorney's fees and expenses of litigation, pursuant to O.C.G.A. § 13-6-11.

## COUNT 3

### PREDATORY LENDING

By advice, counsel and recommendation of the bank the Plaintiffs were lead to refinance the properties to their detriment. On several dates prior to loan maturity dates the said properties were unnecessarily encumbered. The cumulative charge for refinancing exceeded industry standards. As such, the instrument(s) was used to obfuscate the charges which would exceed the capability of the borrower to repay. The balloon payments camouflaged the total cost assumed by the borrower.

To further maximize the value of the financial problems with the instrument

### COUNT 4

### CIVIL RICO

Upon Information and belief the entities involved acted in conspiracy to defraud the property owners of the equity value within said properties.

### PUNITIVE DAMAGES

#### 61.

Plaintiffs incorporate all previous allegations as if specifically and fully set forth herein.

#### 62.

The actions of Defendant show willful misconduct, wantonness, and that entire want of care that raises the presumption of a conscious indifference to the consequences of its acts.  Accordingly, Plaintiffs seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1.

#### 63.

As a direct and proximate cause of the intentional conduct of Defendants, Plaintiffs have suffered great financial loss and mental and emotional distress.

#### 64.

Plaintiffs have incurred substantial costs in bringing this lawsuit and request that the Court awards Plaintiff attorney's fees.

**65.**

Plaintiffs reserve the right to amend their Complaint to add additional allegations and grounds for relief.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendant for the following:

1. A finding that Defendant violated Georgia Fair Lending Act., and committed fraud, which entitles Plaintiffs to an award for damages;

2. That the court conduct a hearing on a temporary restraining order and an interlocutory injunction in this cause;

3. That the Court issues a temporary restraining order and interlocutory injunction prohibiting Defendant from illegally foreclosing on Plaintiffs' property;

4. A trial by jury to determine all issues of facts in dispute and to determine and award all damages;

5. An award to Plaintiffs of actual, statutory, and punitive damages;

6. Award Plaintiffs reasonable attorney's fees and costs of this litigation;

7. Grant such other and further relief as this Honorable Court deems just and proper.

This ⎇ day of June , 2016.

CHARLES W. MILLER
LOUISE HORNSBY

20

Attorney for Plaintiff
Georgia Bar Number 506425
5734 Windsor Drive
Building 6
Columbus, Georgia 31909
(706) 565-7795


**LOUISE T. HORNSBY**
**Attorney for Plaintiff**
**Georgia Bar Number 367800**
**Promenade Park**
**3915 Cascade Rd. SW**
**Atlanta, Georgia 30331**
**404-505-0777**
**404-505-0778 (fax)**


**Charles Brooks**

IN THE SUPERIOR/STATE COURT OF _Musogee_ COUNTY

**STATE OF GEORGIA**

Restoration Ministries A.T.M, Inc.
Mcgill, M. Stephen Sr
Brown, Teresa U.

CIVIL ACTION NUMBER _SU16CV1651 68_

**PLAINTIFF**

Vs.

Capital City Bank+ Trust Company
First citizens Bank+ Trust Company,
et all

FILED IN OFFICE
2016 JUN -6 PM 4:24
M. LINDA PIERCE
MUSCOGEE
COUNTY
INDEX COURT

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Louise T. Hornsby
3915 Cascade Rd. SW
Atlanta, GA 30331

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _6th_ day of _June_ , _2016_.

Clerk of Superior Court/State Court

By: _____

Deputy Clerk

SC-1 Rev. 85

# EXHIBIT "1"



**Stokes Carmichael & Ernst** LLP
A T T O R N E Y S    A T    L A W

80 Peachtree Park DR
Atlanta, GA 30309

Ph: 404.352.1465
Fax: 404.352.8463

scelaw.com

April 27, 2016

Restoration Ministries A.T.M., Inc.
2015 South Park Place
Atlanta, GA 30339

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70113500000354742053
VIA FEDERAL EXPRESS
TRACKING NO. 776195645590**
and *First Class Mail*

Rev. Mr. Marshall S. McGill
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70113500000354742060
VIA FEDERAL EXPRESS
TRACKING NO. 776195729108**
and *First Class Mail*

Ms. Theresa Y. Brown
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70113500000354742077
VIA FEDERAL EXPRESS
TRACKING NO. 776195822610**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
3001 Airport Thruway
Columbus, GA 31908

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70113500000354742084
VIA FEDERAL EXPRESS
TRACKING NO. 776195843137**
and *First Class Mail*

RE:    (1)    Deed to Secure Debt and Security Agreement ("Deed to Secure Debt") recorded at
              Deed Book 09702, Page 287-295, of the Georgia deed records of the Superior
              Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M.,
              Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note
              dated May 15, 2009.
       (2)    First-Citizens Bank and Trust Company is the holder of the Deed to Secure Debt

and the debt evidenced by the Promissory Note.

(3)   Property Address: 3001 Airport Thruway, Columbus, Muscogee County, Georgia 31908.

(4)   Original Principal Balance: $1,717,325.00.

(5)   Present Balance: $2,573,260.27. (As of April 18, 2016. The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

(6)   Date when the property described in the Deed to Secure Debt will be sold by foreclosure sale:   June 7, 2016.

To Whom it May Concern:

We represent First-Citizens Bank and Trust Company ("First-Citizens"). First-Citizens is the present holder of the above Deed to Secure Debt and the debt secured thereby, and is the party to whom you are indebted. Because of your failure to make the payments required under the loan documents evidencing your debt, First-Citizens has declared and hereby again declares the indebtedness immediately due and payable, First-Citizens has instructed this firm to foreclose.

"Important Notices"

1.   The amount of the delinquency is $2,573,260.27 as of April 18, 2016. This amount increases $203.41 per day. (The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

2.   The debt is owed to First-Citizens, which is authorized to receive payment on the Note, but which may not be the recorded holder of the Deed to Secure Debt.

Please be advised further that:

1.   Susan Chaney is the contact at First-Citizens with authority to negotiate for First-Citizens. Her address and phone number are: 3300 Cumberland Blvd, Suite 300, FCB Mail Code 867000; Atlanta, Georgia 30339; (678) 419-5024.

2.   I have enclosed a copy of the foreclosure advertisement which will be published in the appropriate newspaper for four (4) weeks immediately preceding the foreclosure sale of the property.

3.   To the extent that the parties have departed from the terms of the Loan Documents, First-Citizens hereby gives notice that it intends to rely on the exact terms of the Loan Documents.

4.   You may direct any correspondence or inquiries concerning this matter to the attention of

the undersigned to the above address by mail or by FAX, or to Ms. Chaney as set forth above.

Sincerely,
STOKES CARMICHAEL & ERNST LLP

Thomas V. Keough
(Extension 22, tvk@scelaw.com)
SCE File No. 15-03661 & 15-03662

TVK/gjr
Enclosure

cc:   **Sims W. Gordon, Jr., Esq.**
      **The Gordon Law Firm PC**
      400 Galleria Parkway, SE, Suite 1500
      Atlanta, GA 30339
      Atllaw06@gordonlawpc.com

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Pursuant to a power of sale contained in a certain Deed to Secure Debt and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor", with the singular including the plural, to Capitol City Bank & Trust Company, recorded in Deed Book 09702, Pages 287-295, the deed records of the Clerk of the Superior Court of Muscogee County, Georgia, having been given to secure a debt evidenced by a Promissory Note in the original principal amount of $1,717,325.00 with interest at the rate stated in said Promissory Note, and by virtue of a default in the payment of the debt secured by said Deed to Secure Debt, the undersigned attorney-in-fact for the aforesaid Grantor (which attorney-in-fact is First-Citizens Bank & Trust Company, the present holder of said Deed to Secure Debt and debt secured thereby) will sell before the door of the courthouse in Muscogee County, Georgia, within the legal hours of sale, for cash, to the highest bidder on Tuesday, June 7, 2016, the property described on Exhibit "A" attached hereto.

Said property commonly known as **3001 Airport Thruway, Columbus, Muscogee County, Georgia 31908**. Said sale will be made subject to the following items which may affect the title to said property: All superior liens, restrictive covenants, easements and rights-of-way appearing of record, if any; all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; all outstanding and/or unpaid taxes which may be liens upon the property; and all outstanding or unpaid bills and assessments for street improvements, curbing, garbage, water, sewage and public utilities which may be liens upon said property.

> First-Citizens Bank & Trust Company, as Attorney-In-Fact for the Aforesaid Grantor
> c/o Thomas V. Keough, Esq.
> STOKES CARMICHAEL & ERNST LLP
> 80 Peachtree Park Drive, N. E.
> Atlanta, Georgia   30309-1320
> 404-352-1465, ext. 22

Exhibit "A"

All that lot, tract or parcel of land situate, lying, and being in Land Lots 35 and 36 of the 8th Land District of Columbus, Muscogee County, Georgia being more particularly described as follows:

Commence at an iron pin on the northern right-of-way line of Airport Thruway, said iron pin being located at the Southern end of a curve to the right where the Southwestern right-of-way line of West Britt David Road intersects the northern right-of-way line of Airport Thruway, said iron pin also being the POINT OF BEGINNING.

Thence westerly along the northern right-of-way line of Airport Thruway S65° 07'20"W a distance of 26.51 feet to an iron pin; thence along said right-of-way line along a curve to the left having a radius of 656.62 feet, an arc length of 193.57 feet being subtended by a chord bearing of S73°55'43"W for a chord distance of 192.87 feet to an iron pin; thence along said line S65° 29'00"W a distance of 56.29 feet to an iron pin; thence N19°25'19"W a distance of 644.87 feet to an iron pin located on the Western right-of-way line of West Britt David Road; thence along the Western right-of-way line of West Britt David Road along a curve to the right having a radius of 1,807.02 feet, an arc length of 426.39 feet being subtended by a chord bearing of S52°42'00"E for a chord distance of 425.40 feet to an iron pin; thence along said right-of-way line S45°55'32"E of a distance of 226.04 feet to an iron pin; thence along said right-of-way line along a curve to the right having a radius of 62.76 feet, an arc length of 130.75 feet being subtended by a chord bearing of S13°45'30"W for a chord distance of 108.36 feet to an iron pin which is the original point of beginning.

Said property contains 3.00 acres more or less.

# EXHIBITS "2" & "3"

*Land*



**Stokes Carmichael & Ernst** LLP
A T T O R N E Y S   A T   L A W

80 Peachtree Park DR
Atlanta, GA 30309

Ph: 404.352.1465
Fax: 404.352.8463

scelaw.com

April 27, 2016

Restoration Ministries A.T.M., Inc.
2015 South Park Place
Atlanta, GA 30339

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742169**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196305600**
and *First Class Mail*

Rev. Mr. Marshall S. McGill
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742152**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196345990**
and *First Class Mail*

Ms. Theresa Y. Brown
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742145**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196492760**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742138**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196592020**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
3001 Airport Thruway
Columbus, GA 31908

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742121**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196710963**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
5001 Forrest Road
Columbus, GA 31907

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742114**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196846853**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
5021 Forrest Road
Columbus, GA 31907

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742107**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776196970324**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
2599 Regency Drive
Columbus, GA 31907

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742091**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776197089909**
and *First Class Mail*

RE:

(1)   Commercial Deed to Secure Debt and Security Agreement ("First Deed to Secure Debt") recorded at Deed Book 09536, Page 257-268,and re-recorded at Deed Book 09553, Pages 330-341, of the Georgia deed records of the Superior Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note dated November 20, 2008 ("Note 1").

(2)   Deed to Secure Debt and Security Agreement ("Second Deed to Secure Debt") recorded at Deed   Book 09702, Page 287-295, of the Georgia deed records of the Superior Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note dated May 15, 2009 ("Note 2").

(3)   First-Citizens Bank and Trust Company is the holder of the First and Second Deeds to Secure Debt and the debts evidenced by the Note 1 and Note 2.

(4)   Property Addresses: 5001 Forrest Road, Columbus, Muscogee County, Georgia 31907; 5021 Forrest Road, Columbus, Muscogee County, Georgia 31907; and, 2599 Regency Drive, Columbus, Muscogee County, Georgia 31907.

(5)   Original Principal Balance on Note 1: $2,228,645.08.

(6)   Original Principal Balance on Note 2: $1,717,325.00

(7)   Present Balance on Note 1 and Note 2: $5,954,437.89. (As of April 18, 2016. The amount of debt changes due to additional payments, late charges, attorney's fees and other authorized expenses; therefore, you must contact our office for updated figures.)

(8)   Date when the property described in the Deed to Secure Debt will be sold by foreclosure sale:   June 7, 2016.

To Whom it May Concern:

We represent First-Citizens Bank and Trust Company ("First-Citizens"). First-Citizens is the present holder of the above First Deed to Secure Debt and the Second Deed to Secure Debt and the debts secured thereby, and is the party to whom you are indebted. Because of your failure to make the payments required under the loan documents evidencing your debts, First-Citizens has declared and hereby again declares the indebtedness immediately due and payable, First-Citizens has instructed this firm to foreclose.

"Important Notices"

1.    The amount of the delinquency is $5,954,437.89 as of April 18, 2016. This amount increases $728.71 per day. (The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

2.    The debt is owed to First-Citizens, which is authorized to receive payment on the Notes, but which may not be the recorded holder of the Deed to Secure Debt.

Please be advised further that:

1.    Susan Chaney is the contact at First-Citizens with authority to negotiate for First-Citizens. Her address and phone number are: 3300 Cumberland Blvd, Suite 300, FCB Mail Code 867000; Atlanta, Georgia 30339; (678) 419-5024.

2.    I have enclosed a copy of the foreclosure advertisement which will be published in the appropriate newspaper for four (4) weeks immediately preceding the foreclosure sale of the property.

3.    To the extent that the parties have departed from the terms of the Loan Documents, First-Citizens hereby gives notice that it intends to rely on the exact terms of the Loan Documents.

4.    You may direct any correspondence or inquiries concerning this matter to the attention of the undersigned to the above address by mail or by FAX, or to Ms. Chaney as set forth above.

Sincerely,
STOKES CARMICHAEL & ERNST LLP


Thomas V. Keough
(Extension 22, tvk@scelaw.com)
SCE File No. 15-03661 & 15-03662

TVK/gjr
Enclosure

cc:   **Sims W. Gordon, Jr., Esq.**
      **The Gordon Law Firm PC**
      400 Galleria Parkway, SE, Suite 1500
      Atlanta, GA 30339
      Atllaw06@gordonlawpc.com

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Pursuant to a power of sale contained in a certain Commercial Deed to Secure Debt and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor", with the singular including the plural, to Capitol City Bank & Trust Company, recorded in Deed Book 09536, Pages 257-258, and re-recorded in Deed Book 09553, Pages 330-341, the deed records of the Clerk of the Superior Court of Muscogee County, Georgia, having been given to secure a debt evidenced by a Real Estate Note in the original principal amount of $2,228,645.08 with interest at the rate stated in said Real Estate Note; and,

Pursuant to a Power of Sale contained in a certain Deed to Secure and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor" with the singular including the plural to Capitol City Bank & Trust Company, recorded in Deed Book 09702, Pages 287-295, in the original principal amount of $1,717,325.00 with interest at the rate stated in said Real Estate Note; and,

By virtue of a default in the payment of the debts secured by said Deeds to Secure Debt and Security Agreements, the undersigned attorney-in-fact for the aforesaid Grantor (which attorney-in-fact is First-Citizens Bank & Trust Company, the present holder of said Deeds to Secure Debt and Security Agreements and the debts secured thereby) will sell before the door of the courthouse in Muscogee County, Georgia, within the legal hours of sale, for cash, to the highest bidder on Tuesday, June 7, 2016, the property described on Exhibit "A" attached hereto.

Said property is commonly known as **5001 Forrest Road, Columbus, Muscogee County, Georgia 31907; 5021 Forrest Road, Columbus, Muscogee County, Georgia 31907; and, 2599 Regency Drive, Columbus, Muscogee County, Georgia 31907**. Said sale will be made subject to the following items which may affect the title to said property: All superior liens, restrictive covenants, easements and rights-of-way appearing of record, if any; all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; all outstanding and/or unpaid taxes which may be liens upon the property; and all outstanding or unpaid bills and assessments for street improvements, curbing, garbage, water, sewage and public utilities which may be liens upon said property.

> First-Citizens Bank & Trust Company, as Attorney-In-Fact for the Aforesaid Grantor
> c/o Thomas V. Keough, Esq.
> STOKES CARMICHAEL & ERNST LLP
> 80 Peachtree Park Drive, N. E.
> Atlanta, Georgia   30309-1320
> 404-352-1465, ext. 22

Exhibit "A"

TRACT ONE:

ALL THAT LOT, TRACT or parcel of land situate, lying and being in the State of Georgia County of Muscogee and City of Columbus and being part of Land Lot 10 of the 9th Land District of said County consisting of 2.0 acres and being more particularly described as follows:

BEGINNING at an iron pin at the intersection of the northwesterly margin of Regency Drive and the northeasterly margin of Forest Road, a distance of 295.69 feet North 70 degrees 42' West to the point of beginning; thence from the point of beginning 250 feet along Forest Road to an iron pin; thence North 30 degrees 45.37' East 255.61 feet to an iron pin; thence North 09 degrees 54.48' East 148.17 feet to an iron pin; thence South 70 degrees 42' East 223.38 feet to an iron point; thence South 19. 18 minutes West, 396.70 feet to an iron pin and the POINT OF BEGINNING. Said property being a portion of the same property purchased by Real Estate Network of Georgia, Inc. from W.C. Bradley Company on January 9, 1992 as shown in Deed Book 3520, page 136, Muscogee County, Georgia records

Said property is shown as Tact 1 on the plat prepared by French & Associates, dated April 15, 1999, and recorded in Plat Book 141, Folio 14, aforesaid Clerk's office.

TRACT TWO:

ALL THAT TRACT or parcel of land lying and being in the County of Muscogee and City of Columbus as shown on a map or plat made by French & Associates, Landscape Architects, on April 15, 1999 as shown in Plat Book 141, page 14, Muscogee County, Georgia records, same being described as Tract Two and Parcel A, of said survey, and further described as 2599 Regency Drive, Columbus, Georgia, according to the present system of numbering houses in Columbus, Georgia.

# EXHIBIT "4"

23



Stokes Carmichael & Ernst LLP
A T T O R N E Y S   A T   L A W

80 Peachtree Park DR
Atlanta, GA 30309

Ph: 404.352.1465
Fax: 404.352.8463

scelaw.com

April 27, 2016

Restoration Ministries A.T.M., Inc.
2015 South Park Place
Atlanta, GA 30339

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70123050000205439001**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776197816640**
and *First Class Mail*

Rev. Mr. Marshall S. McGill
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70123050000205439018**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776197924870**
and *First Class Mail*

Ms. Theresa Y. Brown
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70123050000205438998**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776198071010**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70123050000205438981**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776198212288**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
3001 Airport Thruway
Columbus, GA 31908

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70123050000205438974**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776198354037**
and *First Class Mail*

RE:

(1)     Commercial Deed to Secure Debt and Security Agreement ("First Deed to Secure Debt") recorded at Deed Book 09536, Page 257-268, and re-recorded at Deed Book 09553, Pages 330-341, of the Georgia deed records of the Superior Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note dated November 20, 2008 ("Note 1").

(2)     Deed to Secure Debt and Security Agreement ("Second Deed to Secure Debt") recorded at Deed Book 09702, Page 287-295, of the Georgia deed records of the Superior Court of Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank & Trust Company, to secure a Promissory Note dated May 15, 2009 ("Note 2").

(3)     First-Citizens Bank and Trust Company is the holder of the First and Second Deeds to Secure Debt and the debts evidenced by the Note 1 and Note 2.

(4)     Property Address: 6648 Woodberry Court, Columbus, Muscogee County, Georgia 31904.

(5)     Original Principal Balance on Note 1: $2,228,645.08.

(6)     Original Principal Balance on Note 2: $1,717,325.00

(7)     Present Balance on Note 1 and Note 2: $5,954,437.89. (As of April 18, 2016. The amount of debt changes due to additional payments, late charges, attorney's fees and other authorized expenses; therefore, you must contact our office for updated figures.)

(8)     Date when the property described in the Deed to Secure Debt will be sold by foreclosure sale: June 7, 2016.

To Whom it May Concern:

We represent First-Citizens Bank and Trust Company ("First-Citizens"). First-Citizens is the present holder of the above First Deed to Secure Debt and the Second Deed to Secure Debt and the debts secured thereby; and is the party to whom you are indebted. Because of your failure to make the payments required under the loan documents evidencing your debts, First-Citizens has declared and hereby again declares the indebtedness immediately due and payable, First-Citizens has instructed this firm to foreclose.

"Important Notices"

1.      The amount of the delinquency is $5,954,437.89 as of April 18, 2016. This amount increases $728.71 per day. (The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)



2.      The debt is owed to First-Citizens, which is authorized to receive payment on the Notes, but which may not be the recorded holder of the Deed to Secure Debt.

Please be advised further that:

1.      Susan Chaney is the contact at First-Citizens with authority to negotiate for First-Citizens. Her address and phone number are: 3300 Cumberland Blvd, Suite 300, FCB Mail Code 867000; Atlanta, Georgia 30339; (678) 419-5024.

2.   I have enclosed a copy of the foreclosure advertisement which will be published in the appropriate newspaper for four (4) weeks immediately preceding the foreclosure sale of the property.

3.   To the extent that the parties have departed from the terms of the Loan Documents, First-Citizens hereby gives notice that it intends to rely on the exact terms of the Loan Documents.

4.   You may direct any correspondence or inquiries concerning this matter to the attention of the undersigned to the above address by mail or by FAX, or to Ms. Chaney as set forth above.

Sincerely,

STOKES CARMICHAEL & ERNST LLP

Thomas V. Keough
(Extension 22, tvk@scelaw.com)
SCE File No. 15-03661 & 15-03662

TVK/gjr
Enclosure

cc:   **Sims W. Gordon, Jr., Esq.**
      **The Gordon Law Firm PC**
      400 Galleria Parkway, SE, Suite 1500
      Atlanta, GA 30339
      Atllaw06@gordonlawpc.com

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Pursuant to a power of sale contained in a certain Commercial Deed to Secure Debt and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor", with the singular including the plural, to Capitol City Bank & Trust Company, recorded in Deed Book 09536, Pages 257-258, and re-recorded in Deed Book 09553, Pages 330-341, the deed records of the Clerk of the Superior Court of Muscogee County, Georgia, having been given to secure a debt evidenced by a Real Estate Note in the original principal amount of $2,228,645.08 with interest at the rate stated in said Real Estate Note; and,

Pursuant to a Power of Sale contained in a certain Deed to Secure and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor" with the singular including the plural to Capitol City Bank & Trust Company, recorded in Deed Book 09702, Pages 287-295, in the original principal amount of $1,717,325.00 with interest at the rate stated in said Real Estate Note; and,

By virtue of a default in the payment of the debts secured by said Deeds to Secure Debt and Security Agreements, the undersigned attorney-in-fact for the aforesaid Grantor (which attorney-in-fact is First-Citizens Bank & Trust Company, the present holder of said Deeds to Secure Debt and Security Agreements and the debts secured thereby) will sell before the door of the courthouse in Muscogee County, Georgia, within the legal hours of sale, for cash, to the highest bidder on Tuesday, June 7, 2016, the property described on Exhibit "A" attached hereto.

Said property is commonly known as **6648 Woodberry Court, Columbus, Muscogee County, Georgia 31904.** Said sale will be made subject to the following items which may affect the title to said property: All superior liens, restrictive covenants, easements and rights-of-way appearing of record, if any; all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; all outstanding and/or unpaid taxes which may be liens upon the property; and all outstanding or unpaid bills and assessments for street improvements, curbing, garbage, water, sewage and public utilities which may be liens upon said property.

First-Citizens Bank & Trust Company, as Attorney-In-Fact for the
Aforesaid Grantor
c/o Thomas V. Keough, Esq.
STOKES CARMICHAEL & ERNST LLP
80 Peachtree Park Drive, N.E.
Atlanta, Georgia  30309-1320
404-352-1465, ext. 22

Exhibit "A"

ALL THAT LOT TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN COLUMBUS, MUSCOGEE COUNTY, GEORGIA AND BEING KNOWN AND DESIGNATED AS ALL OF LOT EIGHTEEN (18) IN BLOCK "A", MOUNTAINBROOK OF GREEN ISLAND, AS SAID LOT IS SHOWN UPON A MAP OR PLAT OF SAID SUBDIVISION ENTITLED "SURVEY OF MOUNTAINBROOK OF GREEN ISLAND LYING IN LAND LOTS 83, 95, AND 100, 8TH DISTRICT, COLUMBUS, MUSCOGEE COUNTY, GEORGIA", PREPARED BY JORDAN, JONES AND BOULDING, INC., ENGINEERS AND PLANNERS, DATED MAY 2, 1988, AND RECORDED IN PLAT BOOK 106, FOLIOS 17A THROUGH 17E, INCLUSIVE, IN THE OFFICE OF THE CLERK OF SUPERIOR COURT OF MUSCOGEE COUNTY, GEORGIA, TO WHICH MAP OR PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR LOCATION AND DIMENSIONS OF SAID LOT, TOGETHER WITH ALL RIGHTS, BENEFITS AND EASEMENTS BELONGING, RELATING OR APPERTAINING THERETO.

# EXHIBIT "5"

24

*Victory*



Stokes Carmichael & Ernst LLP
A T T O R N E Y S   A T   L A W

80 Peachtree Park DR
Atlanta, GA 30309

Ph: 404.352.1465
Fax: 404.352.8463

scelaw.com

April 27, 2016

Restoration Ministries A.T.M., Inc.
2015 South Park Place
Atlanta, GA 30339

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742046**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776193896631**
and *First Class Mail*

Rev. Mr. Marshall S. McGill
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742039**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776193971067**
and *First Class Mail*

Ms. Theresa Y. Brown
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742015**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776194010295**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
6648 Woodberry Court
Columbus, GA 31904

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**NO. 70113500000354742022**
**VIA FEDERAL EXPRESS**
**TRACKING NO. 776194051045**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
3001 Airport Thruway
Columbus, GA 31908

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70113500000354742008
VIA FEDERAL EXPRESS
TRACKING NO: 776194086072**
and *First Class Mail*

Restoration Ministries A.T.M., Inc.
2421 Victory Drive
Columbus, GA 31909

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
NO. 70113500000354741995
VIA FEDERAL EXPRESS
TRACKING NO. 776194117535**
and *First Class Mail*

RE:

(1)    Commercial Deed to Secure Debt and Security Agreement ("First Deed to Secure Debt")
        recorded at Deed Book 09536, Page 257-268, and re-recorded at Deed Book 09553, Pages
        330-341, of the Georgia deed records of the Superior Court of Muscogee County, said
        Deed executed by Restoration Ministries A.T.M., Inc., in favor of Capitol City Bank &
        Trust Company, to secure a Promissory Note dated November 20, 2008 ("Note 1").

(2)    Deed to Secure Debt and Security Agreement ("Second Deed to Secure Debt") recorded at
        Deed  Book 09702, Page 287-295, of the Georgia deed records of the Superior Court of
        Muscogee County, said Deed executed by Restoration Ministries A.T.M., Inc., in favor of
        Capitol City Bank & Trust Company, to secure a Promissory Note dated May 15, 2009
        ("Note 2").

(3)    First-Citizens Bank and Trust Company is the holder of the First and Second Deeds to
        Secure Debt and the debts evidenced by the Note 1 and Note 2.

(4)    Property Address: 2421 Victory Drive, Columbus, Muscogee County, Georgia 31909.

(5)    Original Principal Balance on Note 1: $2,228,645.08.

(6)    Original Principal Balance on Note 2: $1,717,325.00

(7)    Present Balance on Note 1 and Note 2: $5,954,437.89. (As of April 18, 2016. The
        amount of debt changes due to additional payments, late charges, attorney's fees and other
        authorized expenses; therefore, you must contact our office for updated figures.)

(8)    Date when the property described in the Deed to Secure Debt will be sold by foreclosure
        sale:  June 7, 2016.

To Whom it May Concern:

We represent First-Citizens Bank and Trust Company ("First-Citizens"). First-Citizens is the
present holder of the above First Deed to Secure Debt and the Second Deed to Secure Debt and the
debts secured thereby, and is the party to whom you are indebted. Because of your failure to make
the payments required under the loan documents evidencing your debts, First-Citizens has
declared and hereby again declares the indebtedness immediately due and payable; First-Citizens

has instructed this firm to foreclose.

"Important Notices"

1.    The amount of the delinquency is $5,954,437.89 as of April 18, 2016. This amount increases $728.71 per day. (The amount of debt changes due to additional payments, late charges, and other authorized expenses; therefore, you must contact our office for updated figures.)

2.    The debt is owed to First-Citizens, which is authorized to receive payment on the Notes, but which may not be the recorded holder of the Deed to Secure Debt.

Please be advised further that:

1.    Susan Chaney is the contact at First-Citizens with authority to negotiate for First-Citizens. Her address and phone number are: 3300 Cumberland Blvd, Suite 300, FCB Mail Code 867000; Atlanta, Georgia 30339; (678) 419-5024.

2.    I have enclosed a copy of the foreclosure advertisement which will be published in the appropriate newspaper for four (4) weeks immediately preceding the foreclosure sale of the property.

3.    To the extent that the parties have departed from the terms of the Loan Documents, First-Citizens hereby gives notice that it intends to rely on the exact terms of the Loan Documents.

4.    You may direct any correspondence or inquiries concerning this matter to the attention of the undersigned to the above address by mail or by FAX, or to Ms. Chaney as set forth above.

Sincerely,
STOKES CARMICHAEL & ERNST LLP

Thomas V. Keough
(Extension 22, tvk@scelaw.com)
SCE File No. 15-03661 & 15-03662

TVK/gjr
Enclosure
cc:    Sims W. Gordon, Jr., Esq.
       The Gordon Law Firm PC
       400 Galleria Parkway, SE, Suite 1500
       Atlanta, GA 30339
       Atllaw06@gordonlawpc.com

STATE OF GEORGIA
COUNTY OF MUSCOGEE

Pursuant to a power of sale contained in a certain Commercial Deed to Secure Debt and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor", with the singular including the plural, to Capitol City Bank & Trust Company, recorded in Deed Book 09536, Pages 257-258, and re-recorded in Deed Book 09553, Pages 330-341, the deed records of the Clerk of the Superior Court of Muscogee County, Georgia, having been given to secure a debt evidenced by a Real Estate Note in the original principal amount of $2,228,645.08 with interest at the rate stated in said Real Estate Note; and,

Pursuant to a Power of Sale contained in a certain Deed to Secure and Security Agreement executed by Restoration Ministries A.T.M., Inc., hereinafter referred to as "Grantor" with the singular including the plural to Capitol City Bank & Trust Company, recorded in Deed Book 09702, Pages 287-295, in the original principal amount of $1,717,325.00 with interest at the rate stated in said Real Estate Note; and,

By virtue of a default in the payment of the debts secured by said Deeds to Secure Debt and Security Agreements, the undersigned attorney-in-fact for the aforesaid Grantor (which attorney-in-fact is First-Citizens Bank & Trust Company, the present holder of said Deeds to Secure Debt and Security Agreements and the debts secured thereby) will sell before the door of the courthouse in Muscogee County, Georgia, within the legal hours of sale, for cash, to the highest bidder on Tuesday, June 7, 2016, the property described on Exhibit "A" attached hereto.

Said property is commonly known as **2421 Victory Drive, Columbus, Muscogee County, Georgia 31909**. Said sale will be made subject to the following items which may affect the title to said property: All superior liens, restrictive covenants, easements and rights-of-way appearing of record, if any; all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; all outstanding and/or unpaid taxes which may be liens upon the property; and all outstanding or unpaid bills and assessments for street improvements, curbing, garbage, water, sewage and public utilities which may be liens upon said property.

First-Citizens Bank & Trust Company, as Attorney-In-Fact for the Aforesaid Grantor
c/o Thomas V. Keough, Esq.
STOKES CARMICHAEL & ERNST LLP
80 Peachtree Park Drive, N.E.
Atlanta, Georgia  30309-1320
404-352-1465, ext. 22

Exhibit "A"

All that lot, tract or parcel of land situate, lying and being in Columbus, Muscogee County, Georgia and being known and designated as ALL OF LOT NUMBERED TWO HUNDRED (200), consisting of approxiamately 1.444 acres, more or less, and shown on that certain map or plat entitled "Replat for Royal crown Bottling Company of Chicago, Part of Land Lot 67, Coweta Reserve, Columbus, Muscogee County, Georgia" dated November 7, 2005, prepared by Moon, Meeks, Mason & Vinson, Inc. and filed in Plat Book 156, Folio 68, in the Office of the Clerk of the Superior Court of Muscogee County, Georgia, to which reference is hereby made for a more particular descriptions of said property.

# Muscogee County, Georgia

*I do certify that the within and foregoing is a true and correct copy of the document(s) as appears by the original on file and record in the office of the clerk of Muscogee SUPERIOR/STATE Court*

SU 16 CV 1651-68

COMPLAINT
RESTORATION MINISTRIES VS. CAPITAL
CITY BANK

June 10, 2016

*Deputy Clerk, Muscogee SUPERIOR/STATE Court*

*M. Linda Pierce*
*Clerk of Superior Court*
*Muscogee County, Georgia*